HARGROVE *v.* THE STATE.

1. One who, on the trial of a criminal charge against him, introduces in his defense either oral or documentary evidence has no right, under the provisions of the Penal Code, § 1029, to open and conclude the argument before the jury.

2. The request to charge presented by counsel for the plaintiff in error was, in so far as the same was pertinent to the issue on trial, fully covered by the instructions which the presiding judge of his own motion gave to the jury; and the verdict of guilty returned by them was amply supported by evidence.

Submitted June 15,— Decided June 25, 1903.

Accusation of larceny from the house.     Before Judge Hodges.
City court of Macon.     May 1, 1903.

Hargrove was convicted of stealing an overcoat from the Lanier
Hotel in Macon.     The evidence shows that two overcoats were
stolen therefrom during one evening; that Hargrove was there, in
company with Johnson and Arnold, for about two hours on the
same evening; that about midnight of the same date three over-
coats were carried by these three men to the office of the Com-
mercial Hotel in the same city, where they had a room, and shortly
thereafter were called for by them and were delivered to them by
the clerk with whom they had left them; and that these three coats,
two of which were indentified as the stolen ones, were found in the
room occupied by Hargrove, Arnold, and Johnson, one in the bed,
one under the bed, and one between the mattresses.     The opinion
states the other material facts.

*C. H. Hall Jr.*, and *W. A. McClellan*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

FISH, J.     The plaintiff in error was tried upon an accusation in
which he was charged with the offense of larceny from the house.
He made a motion for a new trial, which was overruled, and he
excepted.

1.  One of his complaints is that the court erroneously refused to
allow him the opening and concluding argument, he having, as he
claimed, offered in his defense no "testimony."     It appears from
the record before us that he did introduce in evidence "the accusa-
tion, plea, verdict, and sentence of the city court of Macon, show-
ing the conviction" of one T. F. Pearce, a witness for the State, on
a charge of receiving stolen goods, this documentary evidence be-
ing offered with a view to discrediting him.     On the argument of
the case before this court, counsel for the accused, in support of his
contention that he was entitled to the opening and conclusion in
the trial court, relied upon the Penal Code, § 1029, which provides
that: "After the testimony is closed on both sides, the State's coun-
sel shall open and conclude the argument to the jury, except that,
if the defendant shall introduce no testimony, his counsel shall open
and conclude after the testimony on the part of the State is closed."
We agree fully with counsel that the words "testimony" and "evi-
dence," as understood and defined by our leading lexicographers,

are by no means synonymous; and we grant that, ordinarily, the distinction which is usually drawn between these terms should be given recognition.   But, looking to the purpose which our law-makers evidently had in view when providing that the State should not in all cases have the right to open and conclude the argument, it would be obviously absurd for us to hold they intended that the accused should have the right to the opening and conclusion if he introduced only documentary evidence in his defense, but not if he introduced any oral evidence.   The provisions of the above-cited section of the code were taken from the act of January 22, 1852, which declared, "That, from and after the passage of this act, the order of the argument of counsel in criminal cases shall be the same as it now is in civil cases: that is to say, after the testimony is closed on both sides," etc.   At the time of the passage of this act, the rule of practice in civil cases was, that where the burden of proof rested upon the plaintiff, the defendant was entitled to the opening and conclusion of the argument before the jury only in the event he introduced no evidence of any character.   *Fall* v. *Simmons*, 6 *Ga.* 265.   So we have no hesitation in holding that our General Assembly used the term "testimony," where it occurs in this act, as synonymous with the word "evidence," and not in a more restrictive sense.

2. The presiding judge declined to give in charge to the jury a written request presented by counsel for the accused, to the effect that it was incumbent on the State to show that he entered the house in question and stole therefrom the property referred to in the indictment, or that, he "was aiding and abetting others in the theft;" and if the jury should believe from the evidence that he did not enter the house, "or aid and abet others to enter it and steal the property," he could not be convicted of the offense of larceny from the house, notwithstanding the jury might "believe that he received [the stolen articles] in his room, knowing them to have been stolen." There was in neither the evidence nor in the statement of the accused anything to justify a charge on the theory that he had committed the statutory offense of receiving stolen goods.   Nor would it have been proper to charge on the theory that while the accused did not himself enter the house, he did "aid and abet others to enter it and steal the property."     The court instructed the jury that it was incumbent upon the State to "show beyond a reason-

able doubt that the defendant, at the time and in the county alleged, entered the house alleged, with the parties named in the accusation, and, after entering said house, did privately, with the parties named in the accusation, steal therefrom the property described;" and that unless the jury should believe that the State had "shown beyond a reasonable doubt that the defendant entered the house with the parties named and stole the property alleged, with the parties named, as set forth in the accusation," the jury " could not find him guilty under this accusation," and it would be their duty to acquit him.    It will accordingly be seen that in so far as the request was pertinent to the issue on trial, it was fully covered by the general charge given.

It was for the jury to determine whether or not they would accept as true the testimony of Pearce, the witness for the State whom the accused sought to discredit; and their verdict of guilty was not without evidence to support it.

<em>Judgment affirmed.    All the Justices concur.</em>