31339.  LOCEY v. THE STATE.

DECIDED OCTOBER 11, 1946.  REHEARING DENIED OCTOBER 29, 1946.

W. O. Cooper Jr., for plaintiff in error.

Charles H. Garrett, Solicitor-General, William M. West, contra.

BROYLES, C. J.  The defendant was charged with murder and convicted of voluntary manslaughter. Her motion for a new trial was denied, and that judgment is assigned as error. The evidence for the State showed that: After a heated verbal quarrel between the defendant and the deceased, the defendant said to a third person that she was going off and get a knife and come back and kill the deceased. She did go several blocks away to a store, where she bought a knife with a blade about three inches long, and then returned to the house of the deceased, but with the knife concealed on her person. She started to go through the gate into the yard of the deceased, and the deceased said to her, "Don't you come in my gate," and the defendant replied, "I am going to do something to you, you black son-of-a-bitch." They then began to fight with their hands and fists. After so fighting for a few moments the defendant picked up a bottle, about the size of a Coca-Cola bottle, and the deceased got hold of a stick about 18 inches long and three-

quarters of an inch in diameter. They fought each other for a while with those weapons, and then began tussling and fighting with their hands; and while so tussling the defendant stabbed the deceased with the knife which she had bought a short time before the fight started. The death of the deceased resulted from the stabbing, and the knife was identified by the merchant who sold it to the defendant, and was admitted in evidence.

The above-stated evidence would have authorized a verdict for murder; but it also authorized the jury to find that the two women when the stabbing occurred were engaged in mutual combat, and that the defendant was guilty of voluntary manslaughter. It is true that the evidence for the defendant and her statement to the jury, if believed by them, would have authorized her acquittal. However, it is the province of the jury, and theirs alone, when considering conflicting evidence and statements of defendants, to decide what evidence to believe or to disbelieve, and whether such statements should be accepted or rejected. And when there is any evidence showing, or tending to show, voluntary manslaughter, the jury should be instructed on the law of that subject. The general grounds of the motion for new trial are without merit.

Special ground 1 complains of the charge upon the doctrine of mutual combat in connection with voluntary manslaughter. Special ground 2 excepts to the charge upon the law of justifiable homicide in mutual-combat cases. Special ground 6 also excepts to another excerpt from the charge, dealing with the doctrine of mutual combat in connection with voluntary manslaughter. The main objection alleged to these three excerpts from the charge is that they were not authorized by the evidence. In our opinion they were so authorized, and the charges were not error for any other reason assigned. Special ground 3 attacks an excerpt from the charge upon the subject of defense of one's habitation, the objection being that the charge was not authorized by the evidence, and was prejudicial to the movant. We agree with movant that the charge was unauthorized by the evidence, but we fail to see how it was harmful to movant. On the contrary, it gave to the defendant the benefit of a defense to which she was not entitled. Special ground 4 complains of an excerpt from the charge upon the subject of justifiable homicide and the creation of an emergency, et cetera.

The evidence authorized the charge and it was not error for any reason assigned.

Special ground 5 assigns as error the failure of the court to instruct the jury on the law of involuntary manslaughter. Under the facts of the case, involuntary manslaughter was not involved, and the ground is without merit.

Special ground 7 complains of an excerpt from the charge upon the law of the presumption of malice. The ground admits that the charge correctly states the law on that subject, "but that it is not applicable to the facts of this case." We can not agree with this contention, since the evidence would have supported a verdict of murder. Moreover, if the charge were erroneous, it was not prejudicial to the accused, since she was convicted of a lesser offense which did not involve the question of malice.

Special ground 8 assigns as error the refusal to give to the jury a written request on the doctrine of "reasonable fears." And ground 9 complains of the refusal to give to the jury another written request on the law of self-defense as related to the doctrine of reasonable fears. Both of these requests, insofar as they were applicable to the facts of the case, were substantially covered by the given charge, and the court did not err in refusing to give them.

The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*