37342. MARSHALL *v.* THE STATE.

Decided October 22, 1958.

*Walter B. Fincher,* for plaintiff in error.

*Paul Webb, Solicitor-General, Charles A. Williams, Eugene L. Tiller,* contra.

GARDNER, Presiding Judge. ■ We have set out the evidence in detail. It is sufficient to sustain the verdict of the jury as to the general grounds.

■ Special ground 1 assigns error because the court refused to charge the jury the law covering the testimony of accomplices, after the same had been requested in writing. The witness Carroll is the alleged accomplice. Counsel for the defendant has cited many cases ' concerning the principle of law that a defendant cannot be convicted on uncorroborated testimony of an accomplice. After a careful study of the record before us it is our opinion that the witness Carroll was not an accomplice. There is nothing before us to indicate that his part in the alleged crime was that of an accomplice, but on the other hand the evidence shows that he was an informer for the law enforcement agency and cooperating with them at the time the evidence against the defendant was being gathered. This assignment of error is not meritorious.

■ Special ground 2 assigns error because it is alleged that the court erred in charging the jury that the burden was on the defendant to show that he came within one of the exceptions enumerated in Code § 42-9917. Code § 42-9918 specifically sets out that the burden is on the defendant in such a situation as here depicted. Under the record in this case it was appropriate for the court to charge this Code section. It is the duty of the trial judge to charge upon any and all phases of the pleadings or the evidence in the case on trial. The pleadings in the instant case were such that the charge of which complaint is made was not erroneous. Certainly we do not see that this could have led the jury to believe that the burden was on the defendant to disprove his guilt. It is elementary that the burden is upon the State to prove the guilt of the defendant, and, until such is done,

the defendant is presumed to be innocent. Moreover, the court in another part of the charge corrected any alleged misconceptions regarding the charge of which complaint is made. It is true that here, as in many charges, isolated instances standing alone may be subject to criticism, but an appellate court must consider the charge as a whole at all times. There appears no reason here why the defendant should have been harmed by the excerpt. This assignment of error was not meritorious.

■ Special ground 6 assigns error because it is alleged that the court committed harmful error on his recharge to the jury as to the credibility of witnesses in that after stating the usual rule he added immediately thereafter the sentence: "What was it Shakespeare said? 'What you are, shouts so loud I can hardly understand what you say!'" Shakespeare didn't say it. This is a corruption of a quotation from Ralph Waldo Emerson. The entire quotation reads: "Don't say things. What you *are* stands over you the while, and thunders so that I can hardly hear what you say to the contrary." Apparently the sentence was useless so far as the charge was concerned.

The contention urged in this special ground is that the jury might have taken the remark, not as referring to witnesses, but as an instruction to disregard the defendant's statement. Such construction may only be given to it if the excerpt, immediately following the charge on credibility of witnesses, would in fact have had that effect. On the basis of what is set forth in the special ground it must be concluded that the court was talking about credibility of witnesses, that he properly charged on the subject, and that the excerpt would naturally be construed by the jury to refer to the same principle of law. The burden is on the movant to affirmatively show error, and this has not been done here. This special ground shows no cause for reversal.

■ Counsel for the defendant does not argue, in his brief, special grounds 7 and 8 and they are therefore considered as abandoned.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*