37624. WILLIAMS, by Next Friend *v.* SOUTHERN
RAILWAY COMPANY.

504

DECIDED APRIL 21, 1959—REHEARING DENIED MAY 7, 1959.

*B. P. Gambrell, Glenn T. York, Jr., Claud M. Hicks,* for plaintiff in error.

*Scott S. Edwards, Jr., Matthews, Maddox, Walton & Smith,* contra.

TOWNSEND, Judge. █ The central disputed issue in this case was whether the defendant, through its train operators, was negligent in the manner in which it approached the crossing. The petition alleged various acts and omissions of the defendant and its employees as negligence in fact and other acts and omissions of the defendant as negligence per se in violation of Code § 94-506, which provides as follows: "Upon the line of each railway and at a point 400 yards from the center of its intersection at grade with any public road or street used by the public generally in crossing the tracks of said railway, and on each side of said crossing, there shall be erected by the railroad company, or the persons or corporation owning and operating said railway,

a blowpost to indicate the existence of such crossing, and the engineer operating the locomotive engine of any railroad train moving over the tracks of said railroad shall be required, when he reaches the said blowpost, as a signal of approach to said crossing, to blow through said whistle two long blasts, one short blast, and one long blast; said blasts to be loud and distinct. In addition thereto, after reaching the blowpost fartherest removed from said crossing, and while approaching said crossing, he shall keep and maintain a constant and vigilant lookout along the track ahead of said engine, and shall otherwise exercise due care in approaching said crossing, in order to avoid doing injury to any person or property which may be on said crossing, or upon the line of said railway at any point 50 feet of such crossing." The testimony of the engineer was that he signaled the approach of the train on reaching the signal post; that because of the track curvature he did not see the plaintiff's truck until he was within 100 to 150 feet of the intersection, and that at the time he was going about 50 miles per hour; that it appeared to him that the track was clear and the truck stopped, but he nevertheless signaled again, and that he did not realize a collision was imminent until he heard a noise as the engine and truck collided. The speed of the train, the distance at which the engineer might have seen the crossing, and the question of whether or not a signal was given were all in dispute. The jury would also be authorized to find lack of constancy and vigilance on the part of the engineer's lookout in his failure to observe that the proximity of the truck of the plaintiff was such that the engine on reaching the crossing would collide with it. The plaintiff requested two charges in this connection which he contends were refused by the trial court and which are set out in special grounds 7 and 8 of the amended motion for a new trial. Error in the charge as given is assigned in special ground 6. It appears that the plaintiff requested a charge that his contention that the engineer and fireman failed to give any signal when the engine got within 400 yards of the crossing would entitle the plaintiff to recovery if the jury found it to be true and found as a fact that it constituted negligence and was the proximate cause of the injuries, and also a charge that his contention that

the engineer was negligent in failing to maintain a constant and vigilant lookout along the tracks ahead of said locomotive in order to avoid doing injury to any person or property that might be upon said crossing on reaching a point on said railroad 400 yards from the intersection would entitle the plaintiff to recover if the jury found the allegation to be true, and found it to be the proximate cause of his injuries, such failure being negligence, as a matter of law.

The judge apparently took these requests into account and gave their substance in connection with other parts of the charge on this subject, but in doing so he committed two errors: he charged that if the jury found that the engineer failed to maintain a proper and vigilant lookout on reaching a point 400 yards from the intersection, etc., then the jury, if they "find that these allegations, or any one of them, are true, *and as a fact constituted negligence,* and such negligence was the proximate cause of the injury", in such event the plaintiff would be entitled to recover. He also gave the substance of the request that failure by the engineer and fireman to give a signal might be negligence as a matter of fact but misstated the request as "when said engine got within 400 feet of said crossing" instead of saying "within 400 yards of said crossing." The blowpost law was stated correctly, and the charge that it would be negligence per se for the engineer to fail to signal on arriving within 400 yards of the crossing was stated correctly. The jury might or might not have been misled by the misstatement that the plaintiff's contention was that in the exercise of ordinary care some employee of the defendant should have signaled at a distance of 400 feet, rather than 400 yards away. But it was certainly error to leave to the jury the question of whether or not a violation of a part of Code § 94-506 would constitute negligence by instructing that the plaintiff could recover under this allegation of negligence only if the jury found as a fact that the omission was negligence, when the statute required a certain standard of care and the plaintiff requested a charge to the effect that failure to do the act required by the statute would constitute negligence per se which, if existing, and if the proximate cause of the injury, would entitle him to recover. Violation of the provisions of

Code § 94-506 is made penal by Code § 94-9903. The violation of a statute enjoining a duty of diligence constitutes negligence as a matter of law, and is not issuable. *Atlanta & W. P. R. Co.* v. *West,* 38 *Ga. App.* 300, 302 (143 S. E. 785); *Pope* v. *Associated Cab Co.,* 90 *Ga. App.* 560 (2) (83 S. E. 2d 310). It was accordingly error to leave as a jury question whether or not the violation of this statute, if the jury found the statute to have been violated, constituted negligence. In this regard it should also be noted that special ground 10 assigns error on a portion of the charge as follows: "It is not necessarily a lack of care on the part of the operator of a properly equipped train for such operator to drive where visibility is obstructed at such a rate of speed that he is unable to stop within the limit of his vision ahead. Whether his principal is to be chargeable with negligence or not depends on what is reasonable under the circumstances," on the ground that the charge is argumentative and unduly emphasizes or magnifies the defense. The principle of law therein stated is correct. See *Bach* v. *Bragg Bros. & Blackwell,* 53 *Ga. App.* 574, 577 (186 S. E. 711); *McDowall Transport, Inc.* v. *Gault,* 80 *Ga. App.* 445, 447 (56 S. E. 2d 161). Nevertheless, when this charge is taken in connection with the erroneous charge that lack of vigilance in approaching the crossing may or may not be negligence as the jury might determine, it is obvious that the error is magnified by a charge to the effect that the defendant was not necessarily negligent in traveling at such rate of speed that the engineer could not stop the train within the range of his vision, and to that extent it does become argumentative in this particular case. Accordingly, special grounds 6, 7, 8 and 10, taken together, require a reversal.

■ Special grounds 11, 12 and 13 assign error on the admission of certain testimony by a medical witness for the defendant of the contents and interpretation of certain X-rays and the admission of the X-rays in evidence. It appears that Dr. Swanson, the witness, sent the plaintiff to Dr. Sale to have the X-rays made, was not present when they were made, and could identify them only as prints which he had received from Dr. Sale. No person qualified to do so identified the X-rays as those of the plaintiff. Their admission in evidence was accordingly error.

508

Southwestern Cotton Oil Co. *v.* State Industrial Comm., 167 Okl. 294 (29 P. 2d 122); Lakeshore Power Co. *v.* Meyer, 51 Ohio App. 534 (1 N.E. 2d 1021). However, such error would not require a reversal in this case for the reason that, if the jury found in favor of the plaintiff on the question of liability, a verdict in his favor in some amount on account of damages would have been demanded by the evidence. The jury must accordingly have returned a verdict based on the nonliability of the defendant, and in such event errors relating only to the amount of damages will not be considered because they could not have entered into and influenced the verdict as rendered. *Owens v. Service Fire Ins. Co.,* 90 *Ga. App.* 553 (3) (83 S. E. 2d 249); *McBride v. Georgia Ry. &c. Co.,* 125 *Ga.* 515, 517 (54 S. E. 674). However, since the case is reversed on other grounds and is to be tried again, this error is pointed out in order that it may not be repeated on the next trial.

■ Where the court undertakes to charge the preponderance of evidence rule, he should charge it in full and substantially in the language of Code § 38-107. *Tucker v. Talmadge,* 186 *Ga.* 198 (6) (198 S. E. 726); *Gossett & Sons v. Wilder,* 46 *Ga. App.* 651 (5) (168 S. E. 903); *Fountain v. McCallum,* 194 *Ga.* 269 (12) (21 S. E. 2d 610); *Shankle v. Crowder,* 174 *Ga.* 399, 410 (163 S. E. 180). Yet it is not always reversible error to omit from this portion of the charge an instruction in express language that the jury may consider the nature of the facts testified to by the witnesses (*Travelers Ins. Co. v. Anderson,* 53 *Ga. App.* 1 (1), 184 S. E. 813). While the court omitted in the first instance also to charge on the credibility and number of witnesses, he stated a little later: "I instruct you that this rule of law about the impeachment of witnesses must be considered by you in connection with the rule which I have given you with reference to the credibility of witnesses as *the weight which the jury will give to the testimony* of all witnesses is a matter for the jury to determine for itself. You may also take into consideration the personal credibility of the witnesses so far as that appears to you from the trial. You may also consider the number of witnesses but the preponderance of the evidence does not necessarily rest with the greater number." Examination of

the record in *Smaha* v. *George*, 195 *Ga.* 412 (24 S. E. 2d 385) reveals that a substantially similar charge was held not error in that case, because, as the court said (p. 422) "the judge later in the charge repeated an enumeration of all the elements to be considered by the jury *in weighing the testimony*" and at that time included the two elements omitted before. Special ground 5 is accordingly without merit.

■ The evidence in this case was in substantial conflict and did not demand a verdict for either side. The remaining grounds of the motion for a new trial, considered in connection with the charge and the evidence as a whole, show no reversible error.

The trial court erred in denying the motion for new trial for the reasons set out in the first division of this opinion.

*Judgment reversed.* *Gardner, P. J., and Carlisle, J., concur.*