24316. PRATHER v. THE STATE.

Duckworth, Chief Justice. 1. Obviously an objection to the State using a witness whose name had not been furnished the defendant, in the absence of a prior demand for a list of witnesses, apparently predicated upon *Code Ann.* § 27-1403 (Ga. L. 1966, pp. 430, 431) which is based upon a constitutional provision (Ga. L. 1945; *Code Ann.* § 2-105) and which provides that "Every person charged with an offense against the laws shall be furnished, *on demand,* previously to his arraignment, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded. Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant

■

unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses," is without merit. (Emphasis supplied.) The words "on demand" italized in the foregoing quotation demonstrate that all that is required depends solely upon these words. Absent such demand nothing is required. This record shows no semblance of such a demand; therefore it was not error to allow the State to have the witness testify.

2. In light of the supporting evidence, the objection to the allowance in evidence of the photographs of the body of the deceased are without merit. The doctor who performed the examination of the body testified that the pictures were fair representations of the conditions at the time the pictures were taken. It is futile to complain that the pictures are prejudicial or inflammatory when they were used for identification of the deceased and to show the location of the wound at a vital point in his skull. These were relevant to the State's case and were clearly pertinent evidence. See *Biegun v. State*, 206 Ga. 618, 623 (58 SE2d 149); *Hill v. State*, 201 Ga. 300 (6) (39 SE2d 675); *Thompkins v. State*, 222 Ga. 420 (5) (151 SE2d 153); *Manor v. State*, 223 Ga. 594. Further, the argument that some portion of the photograph had been cut and removed does not even touch the hard fact that what was introduced truly represented the body at that time. There is no merit in these complaints.

3. Abundance of evidence was presented to authorize the introduction of the rifle. The evidence shows that the defendant was seen with a rifle on the night of the shooting that looked like the one offered in evidence. The shooting took place about midnight, and the testimony was reasonable in view of the difficulty at that time to identify specifically the rifle seen. The evidence was relevant under *Code* § 38-201, and the ruling conforms to the ruling of this court in *Wilson v. State*, 215 Ga. 782 (113 SE2d 447). In addition to the above, testimony of a witness was that it was the rifle, which was tantamount to a complete identification of the rifle although he had previously only testified it looked like it. This enumeration is without merit.

4. The complaint because the solicitor commented upon the defendant's statement is palpably without merit. There is no

reason for reasonable confusion of these facts with the mandate of law that comment upon a failure of the defendant to make a statement will not be allowed. *Code Ann.* § 38-415 (Ga. L. 1962, pp. 133, 134). The prosecutor would have been derelict in his duty if he had failed to discuss, criticize, and comment upon any matter before the jury including the defendant's unsworn statement.

5. The evidence supports the verdict of guilty of murder and the sentence of life imprisonment upon the recommendation for mercy, and none of the enumerated errors is meritorious.

*Judgment affirmed. All the Justices concur.*

Argued October 9, 1967—Decided October 20, 1967.

*Smith & Cato, Ralph C. Smith, Jr.,* for appellant.

*Fred Hand, Jr., Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Mathew Robins, Deputy Assistant Attorney General,* for appellee.