## 45062. JOHNSON v. THE STATE.

EVANS, Judge. 1. Where, as here, the only written demand made by defendant and his counsel was the addition of the word "demands" to his waiver of formal arraignment in which his request then read: "Demands . . . list of witnesses sworn before the grand jury, and pleads not guilty," and he was furnished exactly what he demanded, that is—the witnesses sworn before the grand jury—no reversible error is shown. See *Code Ann.* § 27-1403 (Ga. L. 1966, pp. 430, 431); *Prather v. State,* 223 Ga. 721 (157 SE2d 734); *Jones v. State,* 224 Ga. 283 (161 SE2d 302). Whether or not the list of witnesses on whose testimony this charge against him is founded is the same as the witnesses sworn before the grand jury or the witnesses against him on the trial is not here decided. The error enumerated is not meritorious since it is clearly shown he was furnished the witnesses he requested.

2. Errors are enumerated on the allowance in evidence of a .38-caliber pistol as not property identified and the testimony

of the expert that by microscopic examination of a bullet fired from this pistol he was of the expert opinion that the bullet identified as taken from the skull of the deceased was fired from this pistol, because the proper foundation was not laid for the expert testimony. There was direct testimony that this was the same pistol given to a witness by the accused after the shooting, that the accused had shot in the direction of the deceased, that the pistol was turned over to a police officer who testified he locked it in a safe at city hall, where it was kept until the comparison tests were made, and a chain of witnesses testified as to its custody until it was used for the comparison test. It was thus shown to be the same pistol received from the accused and tested by the expert. A proper foundation for the introduction of the pistol and the expert testimony in regard to the comparison tests was laid. See *Williams v. Southern R. Co.*, 99 Ga. App. 503 (109 SE2d 343); *Pittman v. State*, 110 Ga. App. 625 (139 SE2d 507). These enumerations of error are not meritorious.

3. The evidence shows the defendant was involved in a shooting incident on the day alleged in the indictment. The testimony of experts shows the deceased was killed by a bullet fired from a .38-caliber pistol which the defendant admits he owned but claimed it was being fired by another and he was firing a .22-caliber pistol. A witness testified that he did not have a weapon, did not shoot, and did not have the .38-caliber pistol until after the shooting when the defendant gave him the pistol and suggested that they all admit shooting—he the .22-caliber pistol and this witness the .38-caliber pistol. The evidence was sufficient to authorize the jury to return a verdict of guilty of voluntary manslaughter, and none of the errors enumerated is meritorious.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

Submitted January 13, 1970—Decided. January 27, 1970—Rehearing denied February 12 and February 27, 1970.

*Scott & Alexander, Guy B. Scott, Jr.,* for appellant.

On Motion for Rehearing.

The appellant contends the trial court erred in allowing the testimony of witnesses whose names had not been previously furnished to defendant's counsel, and relies upon *Code Ann.*

§ 27-1403, supra. But no demand for a list of said witnesses was made by defendant's counsel as is provided for in the above statute. First of all, the statute requires that such demand shall be made "previously to his arraignment," whereas, in the case at bar, the record does not show such demand "previously to his arraignment," and as is decided in *Jones v. State*, 224 Ga. 283, 286, supra: "not just any demand is sufficient, it is a demand 'previous to his arraignment.' In the present case the only demand shown was upon the call of the case immediately before a jury was selected, presumably after arraignment." The record in this case shows that such demand as was made was "on arraignment" which term is not sufficiently clear to enable this court to determine whether made before, during, or after the actual arraignment of the defendant.

Next, the statute specifically provides that the accused may demand "a list of the witnesses on whose testimony the charge against him is founded," whereas in the case at bar there was a substantial departure from the terms of the statute, and, to the contrary, the defendant's counsel simply wrote upon the back of the indictment itself "demand copy of bill of indictment, *list of witnesses sworn before the grand jury.*" (Emphasis supplied). The State thereupon furnished a list of the witnesses sworn before the grand jury, and defendant complains because this list did not contain the names of all witnesses who were to be sworn against defendant during the trial of the case before the jury. If defendant had used the language of the statute, to wit, *Code Ann.* § 27-1403, in making his demand, a different question might arise, but when he limited his demand to those witnesses who were sworn before the grand jury, and did not demand a list of those "on whose testimony the charge against him is founded," he thereby restricted and limited the question now presented to this court.

Defendant's motion for rehearing cites the recent case of *Spell v. State*, 225 Ga. 705-707 (171 SE2d 285), on this question, but in the cited case the defendant filed "a demand for a list of witnesses for the State" and did not limit the list, as defendant in the case at bar did, to those who testified before the grand jury. In effect, defendant is contending that when he demanded a list

of those witnesses sworn before the grand jury the State should have furnished such list and should have gone further and furnished a list of any and all other witnesses who might be called at the trial.

The trial court properly decided this question adversely to appellant, in view of the fact that he was furnished a list of those witnesses that he demanded, to wit, a list of those witnesses sworn before the grand jury.

*Rehearing denied.*