27308. YEOMANS v. THE STATE.

Argued July 10, 1972—Decided September 7, 1972—
Rehearing denied September 25, 1972.

*J. S. Hutto & Associates, J. S. Hutto,* for appellant.

*Glenn Thomas, Jr., District Attorney, Wayne Williams, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Frank M. Palmour,* for appellee.

Mobley, Chief Justice. Jackie Yeomans was convicted of the sale of Lysergic Acid Diethylamide (LSD), and sentenced to a term of four years in the penitentiary. He appeals from this conviction and sentence. Twelve errors are enumerated, one of these presenting a constitutional question.

■ The first error enumerated is the overruling of the appellant's motion to exclude testimony on the ground of the failure of the State, after demand, to furnish a list of the witnesses who would testify on the trial. Counsel for the appellant had a copy of the indictment with a list of the witnesses testifying before the grand jury, but the name of Terry Mills, an expert witness from the State Crime Laboratory, was not on this list. Enumerated error 2 contends that the court erred in permitting Terry Mills to testify.

The demand made for the list of witnesses consisted of the marking out of the printed word "waives" on the back of the indictment in the statement, "The defendant . . . *waives* copy of indictment and list of witnesses, . . ." and the substitution therefor of the word "demand." This demand for "list of witnesses" was not a specific demand for

the witnesses who would testify on the trial. Compare *Johnson v. State,* 121 Ga. App. 281 (1) (173 SE2d 412). However, the State's attorney did agree that he would furnish a list of the witnesses after arraignment and before trial, in sufficient time to enable the appellant to prepare for trial.

The name of the witness Terry Mills was furnished to the appellant's counsel just a few moments prior to the call of the case for trial. The State's attorney explained that his delay in furnishing this name was caused by the fact that he did not know which person would be sent by the State Crime Laboratory to testify in the case.

Since the name of the witness was furnished to the appellant as soon as reasonably possible by the State, there is no merit in the contention that the trial judge erred in overruling the motion to exclude testimony, and in allowing this witness to testify.

■ Enumerated errors 3 and 4 assert that the court erred in permitting John Hajosy and J. C. Harris to testify for the State, because their names had not been furnished to the appellant as witnesses.

Both of these witnesses were introduced in rebuttal of the appellant's evidence. The State's attorney stated, as to Mr. Hajosy, that he had no information that he would use this witness; and, as to Mr. Harris, that he was unaware that he would need him, and that based on the defense he had to bring this witness in to testify.

*Code Ann.* § 27-1403 (Ga. L. 1966, pp. 430, 431) provides in part: "Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses."

The State's attorney did not state precisely that the evidence of these witnesses was "newly-discovered"; but he did

state that it was evidence which he had no knowledge that he would need at the time he furnished the list of witnesses to the appellant, and this rebuttal evidence would come within the exception of *Code Ann.* § 27-1403.

■ Enumerated error 5 contends that the court erred in overruling the appellant's motion for directed verdict of acquittal. There is no merit in this contention.

■ Enumerated error 6 asserts that the court erred in overruling the appellant's demand for opening and concluding argument.

The appellant filed a written demand, contending that *Code* § 27-2201 violates the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States. This Code section provides: "After the testimony shall have been closed on both sides, the State's counsel shall open and conclude the argument to the jury, except that, if the defendant shall introduce no testimony, his counsel shall open and conclude after the testimony on the part of the State is closed."

It was asserted by the appellant that *Code* § 27-2201, in denying him the right to open and conclude the argument if he introduces testimony, coerces him into giving up his Sixth Amendment right to have compulsory process for obtaining witnesses in his favor. He contends that § 27-2201 denies him equal protection of the laws in allowing those defendants not introducing evidence to open and conclude the argument, and depriving those defendants who introduce testimony of the same right.

As to the first contention, the appellant relies on United States v. Jackson, 390 U. S. 570 (88 SC 1209, 20 LE2d 138), in which the Supreme Court of the United States invalidated the death penalty of the Federal Kidnaping Act because it could not be imposed on one pleading guilty, and thus the death penalty provision had the effect of "chilling" the assertion of the constitutional right to trial by jury by penalizing those who chose to exercise it.

There can be no real comparison between choosing between a trial by jury and a possible death penalty, and

choosing between exercising the right to have witnesses on a trial and the procedural advantage of having opening and concluding argument, and the Jackson case is not authority for holding *Code* § 27-2201 unconstitutional.

It is the general rule in this country that the right to open and close the argument to the jury belongs to the prosecution. 23 CJS 980, Criminal Law, § 983. If any part of our statute should be declared unconstitutional, it must be the provision which is the exception to the general rule that would be removed.

The Georgia statute (§ 27-2201) has been the law of this State since 1852. *Hargrove v. State,* 117 Ga. 706 (45 SE 58). The purpose in allowing an accused with no defense to have the opening and concluding argument is to allow his counsel every opportunity to persuade the jury that the State has failed to prove his guilt. It is our opinion that it is a reasonable exception to the general rule, and not a denial of equal protection of the laws to those that are not benefited by the rule.

It was not error for the trial judge to refuse to hold· *Code* § 27-2201 unconstitutional, and to overrule the demand for the opening and concluding argument.

■ Enumerated errors 7, 8, and 9 contend that the court erred in failing to give three requested charges, submitting to the jury the question of whether the State's witness Ed Tincher was an accomplice of the appellant, and instructing them as to the corroboration necessary of the testimony of an accomplice. Enumerated· error 10 asserts that the court erred in failing to charge the jury on the testimony of an accomplice and the necessity for corroboration thereof.

Ed Tincher was the principal witness for the State. He was in the United States Navy, and while stationed in Glynn County he worked part-time as an under-cover agent with the Glynn County Police Department in connection with the apprehension of persons selling narcotics. He testified concerning the sale of LSD by the appellant that while at a named pool hall in Glynn County the witness told several people that he "needed to cop some acid." He

was later approached by the appellant, who told the witness that he had some "acid" and asked the witness how many he wanted. The witness told the appellant that he just wanted one, and the appellant sold him one tablet for $3, which the witness placed in a marked envelope, and later delivered to a Glynn County officer.

The appellant introduced testimony by one witness that he had seen Tincher smoking marijuana, rolling up marijuana cigarettes, and passing them around to other people at a party, testimony by another witness that Tincher had asked him if he wanted to buy marijuana; and testimony by another witness that Tincher had offered to sell someone drugs, that he had seen Tincher smoking marijuana, and passing it around for others to smoke.

It is contended by the appellant that the evidence which he introduced showed that Tincher was a user and seller of drugs, and that this evidence authorized the jury to infer that Tincher was an accomplice in the offense for which the appellant was tried, under *Code Ann.* § 26-801 (Ga. L. 1968, pp. 1249, 1271), which provides that a person is a party to a crime who "intentionally advises, encourages, hires, counsels, or procures another to commit the crime."

The evidence introduced by the appellant went to the credibility of the witness Tincher, but there is no evidence that he was an accomplice of the appellant in the offense charged. Tincher was the only witness testifying in regard to the sale of LSD by the appellant. The appellant in his statement denied that any sale had been made. It was not error for the trial judge to refuse to instruct the jury to determine if Tincher was an accomplice, or to fail to charge them on the corroboration necessary of the testimony of an accomplice. Compare *Marshall v. State,* 98 Ga. App. 429 (2) (105 SE2d 748).

■ Enumerated error 11 complains of the court's refusal to give a requested charge on the impeachment of a witness by proof of his general bad character, and the duty of the jury to disregard the entire testimony of Tincher if they found that he had been impeached by proof of general bad

character and that his testimony had not been sufficiently corroborated. Enumerated error 12 complains that the court erred in failing to charge the jury that it was their duty to disregard the entire testimony of a witness if he had been successfuly impeached by evidence of general bad character, unless his testimony was corroborated by other competent and creditable testimony.

The credit to be given the testimony of a witness impeached for general bad character is for the jury to determine. *Code* § 38-1806; *Duncan v. State,* 97 Ga. 180 (1) (25 SE 182). The trial judge charged on the methods of impeachment of a witness, and it was not error to refuse to charge as requested by the appellant.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*