## 49736. GLYNN v. THE STATE.

STOLZ, Judge.

The defendant appeals from her conviction of voluntary manslaughter and her 7-year sentence.

1. The conviction was authorized not only by the defendant's confessions of guilt, freely and voluntarily made after being advised of her Miranda rights and corroborated by proof of the corpus delicti, but also by evidence that the defendant's neighbor heard pistol shots, after which the defendant came to the neighbor's

residence, told her own daughter in the neighbor's presence to call the police, then handed to the neighbor the pistol with which the defendant's husband had just been killed. See *Lowe v. State,* 225 Ga. 56 (165 SE2d 861) and cits. The issue of the defendant's sanity was properly presented to and resolved by the jury. See Division 2, hereinafter.

Accordingly, the overruling of the motion for new trial on the general grounds and the denial of the motion for a directed verdict of acquittal, were not errors.

2. The trial judge correctly charged the jury that the burden of proof of insanity at the time of the commission of the crime, under the plea of insanity, was upon the defendant, who never had been adjudicated insane previously. *Grace v. State,* 231 Ga. 113, 114 (200 SE2d 248) and cits.

3. The trial judge did not err, as contended in the amended motion for new trial, in failing to allow the defendant the opening and concluding arguments to the jury where she had introduced evidence. *Yeomans v. State,* 229 Ga. 488, 491 (192 SE2d 362).

4. It was not harmful to the defendant, as contended in the amended motion for new trial, to charge, at the pre-sentence hearing, the provisions of Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902; 1973, pp. 159, 161) for the jury's hearing "additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant, *or the absence of any such prior criminal convictions and pleas.* " (Emphasis supplied.) The fact that the state introduced no evidence in aggravation of punishment, inured to the defendant's benefit, rather than prejudicing her, since "the absence of any such prior criminal convictions and pleas" could be considered in mitigation of her punishment, even though the defendant herself introduced no extenuating or mitigating evidence.

The verdict and judgment were not erroneous for any reason contended.

*Judgment affirmed. Eberhardt, P. J., concurs. Deen, J., concurs in the judgment only.*

ARGUED SEPTEMBER 30, 1974 — DECIDED OCTOBER 17, 1974.

*Marchman, Cueto & Henderson, Charles Marchman, Jr.,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney, David Wansley, Roy Maddox,* for appellee.