### 49964. CREWS v. THE STATE.

DEEN, Presiding Judge.

1. A police officer who, after receiving information from an informer that the defendant is illegally selling amphetamines, arranges with such third person to meet the defendant, and thereafter offers to and does purchase the drug from him for the purpose of obtaining evidence, is not an accomplice. *Marshall v. State,* 98 Ga. App. 429 (105 SE2d 748); *Yeomans v. State,* 229 Ga. 488 (192 SE2d 362).

2. The crime of illegally selling drugs is not one of those listed in Code § 38-121, which would require the testimony of a second witness to support a conviction.

3. The denial by the defendant, by his plea of not guilty and by his testimony, that the sale took place as testified to by the police officer, created an issue for jury decision. Where the testimony of the state and the defendant are in conflict, the jury is the final arbiter.

*Harrell v. State,* 69 Ga. App. 482 (1) (26 SE2d 151). "It is the province of the jury, and theirs alone, when considering conflicting evidence and statements of defendants, to decide what evidence to believe or disbelieve." *Locey v. State,* 74 Ga. App. 447, 448 (39 SE2d 763). The evidence is not insufficient merely because neither side has a numerical superiority of witnesses.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED JANUARY 22, 1975.

*Jay Wm. Fitt,* for appellant.
*E. Mullins Whisnant, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.