332

*General,* for appellee.

## 32415. SUGGS v. THE STATE.

JORDAN, Justice.

Gary James Suggs was convicted of armed robbery and theft of a motor vehicle. He was sentenced to twelve years for the armed robbery and five years for the theft of the motor vehicle, the sentences to be served concurrently. The appeal is from the denial of his motion for new trial.

The armed robbery and theft occurred at the parking lot of a motel. The two victims had just gotten out of the male victim's automobile when three armed men accosted them. The female victim's purse was seized. The victims were required to place their hands on a nearby wall while one of the robbers turned the automobile around. As another of the robbers was taking the male victim back to the automobile, the victim struggled with the robber and broke away from him. The robbers then left in the automobile. Police officers were notified and the automobile was recovered a short time later, after the occupants had abandoned it. The appellant was found in a wooded area near the abandoned automobile. The male victim identified the appellant as the robber with whom he struggled.

1. The evidence authorized the verdict and there is no merit in the general grounds of the motion for new trial.

2. On cross examination the male victim admitted that when he first saw Michael Washington, a co-indictee of the appellant, in the second lineup he thought it was the appellant because they look very much alike, and he asked Detective Smith if one of the men was the one that he had previously picked out in the first lineup (in which he had identified the appellant). Later in the trial, when Detective Scott was cross examined by counsel for the appellant, counsel asked him if he had a photograph in his file of Washington. Detective Scott replied that he did. Counsel asked to see it, and to exhibit it to the jury. The

trial judge inquired if he was introducing it in evidence. Counsel replied that he would if it was admissible. State's counsel stated that he had no objection, and the judge admitted the photograph in evidence.

The appellant enumerates as error the court's refusal to allow his counsel to open and conclude the final arguments to the jury because of the introduction of this evidence, and enumerates as error the ruling "that the appellant must enter the police photo into evidence in order to exhibit it to the jury."

Code § 27-2201 provides that the state's counsel shall open and conclude the final arguments to the jury, "except that, if the defendant shall introduce no testimony, his counsel shall open and conclude after the testimony on the part of the State is closed." The word "testimony" in this section includes documentary evidence. *Hargrove v. State,* 117 Ga. 706 (45 SE 58) (1903).

The court did not err in requiring the appellant to introduce the photograph of Washington in evidence if he wanted the jury to consider it. The appellant chose to introduce the photograph, and the court correctly ruled that, after the admission of this evidence, the appellant did not have the right to open and conclude the final arguments to the jury.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 15, 1977 — DECIDED JUNE 30, 1977.

*Harvey Weitz,* for appellant.

*Andrew J. Ryan, III, District Attorney, Michael K. Gardner, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.