## 62414. CHAMBERS v. THE STATE.

BANKE, Judge.
Following her husband's death from a gunshot wound, the appellant was indicted for murder and found guilty of voluntary manslaughter. On appeal, she lists five enumerations of error, only one of which is supported by citation of authority. *Held:*

1. The appellant objected to the admission of two photographs of the deceased, one of which showed the entrance wound in his chest and the other of which showed an incision made in his back to remove the bullet. Both objections were predicated on the absence of a proper foundation. The physician who removed the bullet testified that the first photograph was "a photograph of the puncture wound I just described" and that the second was a "picture of the incision . . . I made to remove the projectile in the left back." This testimony was sufficient to establish that the photographs truly and accurately depicted the condition of the victim's body at the time the witness removed the bullet. See generally *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120) (1924).

Although the appellant also contends on appeal that the prejudicial effect of the photographs outweighed their relevance to the issues in the case, no such argument was advanced at trial, and accordingly we will not consider it at this time.

2. The trial court did not err in refusing to allow defense counsel to question a state witness as to whether the appellant had been present during the grand jury proceedings to present her side of the case. Even assuming *arguendo* that such a fact could have been established by the witness, it was wholly irrelevant to the issue of the appellant's guilt or innocence. The jury was properly instructed that the indictment did not constitute evidence and that no inference of guilt was to be drawn from it.

3. The appellant was not entitled to the opening and concluding argument, having introduced into evidence a garden hoe with which her husband had allegedly threatened her prior to the shooting. See generally Code §§ 27-2201, 38-415; *Suggs v. State,* 239 Ga. 332 (236 SE2d 676) (1977); *Hart v. State,* 88 Ga. App. 334 (1) (76 SE2d 561) (1953).

4. The appellant contends that the court's charge on mutual combat was in error, both because the evidence did not support it and because the court gave undue emphasis to it by repeating it several times.

The appellant admitted, in a tape recorded statement made to police and played to the jury, that she and her husband had argued and "started scuffling" prior to the shooting. This, along with her testimony that both of them subsequently left the room and returned with weapons, was sufficient to authorize the charge. While it is true that the charge was repeated several times in one form or another, the court also instructed the jury repeatedly that even if the appellant and her husband had engaged in mutual combat, the jury was nevertheless authorized to acquit her if they found that the deceased was the assailant at the time of the shooting and that the appellant

had killed him to save her own life. Furthermore, the court specifically instructed the jury as follows: "By no portion of this charge has the court intimated or expressed any opinion upon any of these matters, each and all of which belong exclusively to you for your judgments and determination . . . Such repetition that did occur during the progress of the charge did not take place for the purpose of emphasizing the principle or principles repeated over the other principles of law . . ." Considering the charge as a whole, we find no reversible error.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Wade C. Hoyt III,* for appellant.
*F. Larry Salmon, District Attorney, Robert Englehart, Assistant District Attorney,* for appellee.