### 18802. GOODWYNE *v.* THE STATE.

BLOODWORTH, J. 1. The court did not err in overruling the demurrer to the indictment.

2. Grounds 6 and 8 of the motion for a new trial are not approved and can not be considered by this court. *Moore v. State,* 27 *Ga. App.* 781 (4) (110 S. E. 55); *Durrett* v. *McWhorter,* 161 *Ga.* 179, 186 (10) (129 S. E. 870).

3. "The judge should explain to the jury the meaning of technical terms which occur in his instructions; but a failure to do so will not generally be a ground for a new trial, in the absence of an appropriate and timely written request for such explanation." *Holmes* v. *Clisby,* 121 *Ga.* 241 (7) (48 S. E. 934, 104 Am. St. R. 103). See also *Pickens* v. *State,* 132 *Ga.* 46 (63 S. E. 783). There was no request for an explanation of the alleged technical terms in the charge under consideration, and the failure of the judge to explain them will not require a reversal of the judgment.

4. "Failure to charge the jury on the law of circumstantial evidence, when there is no request for such a charge, is not ground for a new trial in a case in which a conviction is not wholly dependent on such evidence." *Tanksley* v. *State,* 35 *Ga. App.* 189 (132 S. E. 263). The conviction in the case under consideration is not wholly dependent on circumstantial evidence, and there was no request for instructions thereon.

5. "It is not error requiring a new trial to fail to charge upon the subject of the burden of proof, when there is no written request for such an instruction. *Brooks* v. *Griffin,* 10 *Ga. App.* 498 (5) (73 S. E. 761)". *Whittle* v. *Central of Ga. Ry. Co.,* 11 *Ga. App.* 257 (74 S. E. 1100). "The failure to charge upon the subject of impeachment of witnesses is not cause for the grant of a new trial, in the absence of an ap-

propriate timely written request to instruct them in reference thereto. *Brown* v. *State*, 138 *Ga.* 814 (76 S. E. 379)." *Dean* v. *State*, 139 *Ga.* 591 (77 S. E. 818). Under the foregoing decisions there is no merit in the 10th ground of the motion.

6. The court instructed the jury as follows: "The jury are the judges of the evidence, the weight of the evidence and the credibility of all the witnesses testifying in the case. It is for the jury to say what weight and what credit they will give to the testimony of each and all of the witnesses in the case." This charge was not error for any reason alleged. It does not "in effect instruct the jury to disregard the defendant's statement." The court charged as to the presumption of innocence and the statute allowing the defendant to make a statement. *Mulligan* v. *State*, 18 *Ga. App.* 464 (2) (89 S. E. 541).

7. Under the facts of this case there is no merit in the attack made on the excerpt from the charge embraced in ground 12 of the motion for a new trial.

8. Even if it should be conceded that the excerpt from the charge which is quoted in ground 13 of the motion is erroneous, the error is not so material as to require a new trial of the case. The judge had concluded his general charge, and the instructions here complained of were given after a verdict of guilty had been returned and in connection with an instruction as to the duty of the jury to fix the minimum and 'maximum term of service in such cases. Injury as well as error must be shown before a new trial will be granted.

9. The evidence fully authorized, if it did not demand, the verdict rendered. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 15, 1928.

*Roy B. Friedin,* for plaintiff in error.
*T. Hoyt Davis, solicitor-general,* contra.