## 25531. BUTLER v. THE STATE.

UNDERCOFLER, Justice. This appeal is from a conviction and sentence of ten years for the crime of robbery by force. *Held:*

1. The appellant contends that the State is required to prove that an in-court identification is of an independent origin where the defendant had been previously identified in a lineup by the same witness and that this burden was not carried in the instant case.

The evidence shows that the defendant entered a Western Union office in Augusta, Ga., on September 9, 1967, about 7 a.m. There were two women employees present. He inquired whether there was a money order for "Petty." Upon being informed there was none, he robbed the office at gunpoint. He placed the gun against one woman employee's stomach and demanded the money on hand which he took and fled the scene. This woman testified that the defendant had been in the office three or four times the previous day asking for a money order for "Petty." Immediately after the crime both women described the robber as wearing a dark, turtleneck sweater, a khaki army fatigue cap, and having a small foreign looking pistol with a white handle. That same day, each woman independently of the other, assisted in creating a "composite drawing" of the robber's head and face. Also

immediately after the crime both of these witnesses gave detailed physical descriptions of the robber. Copies of the "composite drawing" were circulated to various police departments including the Birmingham, Ala. department and one had been given to an employee of a Western Union office there. At approximately 6 a.m. on September 17, 1967, this employee recognized the defendant as the man in the "drawing" when he entered the Birmingham Western Union office. The defendant asked the employee if there was a money order for "Petty." Upon being told that all money was kept at another office, he left. The Birmingham police were called and the defendant was taken into custody a short distance from the Western Union office. At the time of his arrest he was sitting in an automobile on the right front seat with another man under the steering wheel and the defendant had been observed removing a sweater which had been thrown on the back seat. The automobile contained an olive drab, high neck sweater, a Marine Corps fatigue cap, and a loaded German .22-caliber pistol under the right front seat. A picture of the defendant was taken and forwarded to the Augusta Police Department.

On cross examination it was shown that on September 19, 1967, a collection of ten pictures was exhibited separately to each of the Augusta women witnesses. Independently of the other, each selected the defendant's picture as being the robber of the Augusta office. Thereafter on the same day, both women proceeded to Birmingham where they separately and independently identified the defendant as the robber out of a line-up of approximately seven men of similar age, height, weight and race.

There was no evidence that the Augusta women witnesses had ever identified any person other than the defendant as the robber or that they had failed to identify him as such on any occasion. As was stated in United States v. Wade, 388 U. S. 218, 240, 241 (87 SC 1926, 18 LE2d 1149), "Where, as here, the admissibility of evidence of the line-up identification itself is not involved, a per se rule of exclusion of court-room identification would be unjustified. . . We think it follows that the proper test to be applied in these situations is that quoted in Wong Sun v. United States, 271 U. S. 471, 488, '[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made

has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' Maguire, Evidence of Guilt 221 (1959). See also Hoffa v. United States, 385 U. S. 293, 309. Application of this test in the present context requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-line-up description and the defendant's actual description, any identification prior to line-up of another person, the identification by picture of the defendant prior to the line-up, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the line-up identification. It is also revelant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the line-up."

We hold that the evidence was ample to purge the in-court identification of the defendant by the Augusta women employees of any primary taint. United States v. Wade, supra.

There is no evidence that the Birmingham Western Union employee identified the defendant at a line-up. Consequently no "primary illegality" as to his testimony arose. Compare Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247).

It follows that the enumerations of error on these issues are without merit.

2. Appellant contends that the trial court erred in not granting several motions for mistrial on the grounds that his character had been placed in issue unlawfully. These enumerations of error are without merit. In each instance the trial court promptly instructed the jury to disregard the statements of the witnesses complained of by the appellant and any prejudicial effect of such statements, individually and collectively, was removed. *Joyner v. State,* 208 Ga. 435 (3) (67 SE2d 221).

3. The enumeration of error which contends that the testimony of the Birmingham Western Union employee unlawfully placed the defendant's character in issue is without merit. *Moore v. State,* 221 Ga. 636 (1) (146 SE2d 895).

4. Appellant contends that the trial court should not have permitted certain witnesses for the State to testify over his objection that the names of these witnesses had not been furnished him on demand as required by Georgia law. The

district attorney stated in his place that the evidence sought to be presented was newly discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses. Such statement authorized the use of these witnesses. *Code Ann.* § 27-1403 (Const. Art. I, Sec. I, Par. V (§ 2-105), Cobb 834; Ga. L. 1966, pp. 430, 431).

5. We have carefully reviewed the record and find that the appellant was not deprived of his right to a thorough and sifting cross examination.

6. Appellant contends that the trial court erred in permitting a police officer to testify as to the operation of an "identi-kit" which had been used in preparing the "composite drawing" of the robber. The officer stated that he was trained in and familiar with the use of an "identi-kit." There was no evidence to the contrary. This enumeration of error is without merit.

7. Appellant complains that the trial court erred in permitting a police officer to testify that the two Augusta Western Union employees did not see the defendant independently of the line-up while they were in Birmingham. Appellant contends that the officer could not testify as to what they saw, nor was it shown that he had been with them constantly. The officer testified that he was present at the line-up with these witnesses and that they identified the defendant separately and independently of each other. The witnesses testified to the same effect. A thorough cross examination did not reveal that the witnesses saw the defendant at any time other than at the line-up while they were in Birmingham. This enumeration of error is without merit.

8. The admission of the pistol in evidence was not error. *Wilson v. State,* 215 Ga. 782 (2) (113 SE2d 447); *Prather v. State,* 223 Ga. 721 (3) (157 SE2d 734).

9. Appellant's contention that error was committed when the State was allowed to introduce evidence after it had "rested" its case is without merit. This action was within the discretion of the trial judge. *Britten v. State,* 221 Ga. 97, 100 (143 SE2d 176).

10. The other enumerations of error were not argued in this court and are considered abandoned.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 8, 1969—DECIDED JANUARY 8, 1970—
REHEARING DENIED JANUARY 26, 1970.

*John H. Ruffin, Jr.*, for appellant.

*R. William Barton*, District Attorney, *Arthur K. Bolton*, Attorney General, *Harold N. Hill, Jr.*, Executive Assistant Attorney General, *Marion O. Gordon*, Assistant Attorney General, *Dorothy T. Beasley*, for appellee.