## 47509.   VINSON v. THE STATE.

BELL, Chief Judge. 1. In this homicide case, which resulted in the conviction of defendant for voluntary manslaughter, the shirt and trousers of the victim were admitted in evidence over objection. The objection was the absence of a showing that the clothing was preserved and in the same condition as when removed from the deceased. The clothing was relevant and admissible. It was shown that the clothes which were worn by the deceased at the time of death were removed from the body, and in particular

the shirt was cut and torn from his body at a hospital emergency room, then given to the widow, and that she had them in her possession since that time locked in the trunk of her car. *Davidson v. State,* 208 Ga. 834 (69 SE2d 757).

2. After the defense rested its case, the State announced that it had two witnesses to call in rebuttal. Objection was made that these two witnesses were not on the list of witnesses furnished by the State and therefore they could not be permitted to testify. The district attorney stated in his place that the evidence that the witnesses were to give was newly discovered and the State was not aware of it at the time of its furnishing the defendant the list of witnesses. The judge allowed them to testify. There was no error, for the statement of the district attorney authorized the use of these witnesses. *Code Ann.* § 27-1403; *Butler v. State,* 226 Ga. 56, 58 (172 SE2d 399).

3. One of the grounds of the motion for new trial is based on alleged newly discovered evidence. The defendant testified that immediately prior to his firing the fatal shot, the deceased had thrown a drinking glass at him which struck the wall behind the defendant and was shattered; that some of the glass particles were still in his shirt when he was at the county jail and that one of the "deputies" present had made mention of it. Defendant's wife corroborated the defendant as to the throwing of the glass by the deceased. A deputy sheriff, a witness for the State, testified that he found shattered glass on the floor where the shooting took place but denied making a statement to defendant that he saw little slivers of glass across the defendant's shoulders or that he saw any particles on his shoulders or shirt. This deputy testified at the hearing on the motion for new trial that contrary to his testimony at trial, he did observe the particles on defendant's shirt. His testimony at the hearing was corroborated by another deputy, who did not testify at the trial. This evidence is purely cumulative of the defendant's testimony. Newly discovered evidence which is

cumulative is not a ground for new trial. *Code* § 70-204; *Reardon v. State,* 226 Ga. 232 (173 SE2d 706). Further, there is no showing that by the use of due diligence the testimony of the other deputy who did not testify at the trial could not have been discovered prior to trial. *Johnson v. State,* 196 Ga. 806 (3a) (27 SE2d 749).

4. The evidence authorized the conviction.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED SEPTEMBER 7, 1972—DECIDED OCTOBER 31, 1972— REHEARING DENIED NOVEMBER 21, 1972—

*Eva L. Sloan,* for appellant.

*Joseph B. Duke, District Attorney, Tony H. Hight,* for appellee.

