## 49927. KITCHENS v. THE STATE.

WEBB, Judge.

Defendant was tried and convicted under six indictments charging him with sale and possession of heroin, cocaine, and marijuana, and he now appeals to this court. *Held:*

1. At trial defendant sought to prevent the introduction of a portion of the narcotics and drugs, bought by an undercover agent from defendant, by making the following objection: "If it please the court, in reference to exhibits marked State's exhibits 1, 3 and 5, I object to the introduction of them as they have not been identified. The officer [Moses Ector] testified those were similar to the ones that he had purchased off of the defendant but he could not identify them. Further, some of these items that are contained in these packages as part of these exhibits show the initials of 'W. G. B.' which is another agent and it shows that this is his initials and his writing on that and it shows that these items have been in his possession and that he had possession and control of them at the time. He has not testified in this case and I think that that breaks the chain of this evidence and I move that it be excluded on those grounds."

(a) Defendant acknowledges in his brief that "After purchase, these drugs were placed in agent Ector's pocket, and thereafter initialed, dated and delivered to Detective Bobby Jones of the Savannah Police Department, who in turn delivered them to Sergeant J. J. Brown of the

Savannah Police Department for safekeeping; on February 12, 1973, Detective Jones took these items [from Brown's safe] to Dr. Charles H. Sullenger of the Chatham County Branch of the State Crime Laboratory for chemical analysis." Under these circumstances the fact that Agent Ector could not positively identify these exhibits but could only testify that they were "similar" to the items purchased from defendant did not require their exclusion from evidence. *Overby v. State,* 125 Ga. App. 759, 760 (2) (188 SE2d 910).

(b) The contention that agent "W. G. B." had possession and control of the exhibits and had not testified, thus purportedly breaking the "chain of evidence," is without merit. The testimony is clear that "W. G. B." was another undercover agent (Wally Brooks) who was present when agent Ector delivered the drugs to officers Jones and Brown, and he never had possession and custody of them but initialed the exhibits merely to witness their delivery by Ector to the other officers.

Enumeration of error 2 is without merit.

2. Enumeration of error 3 complains that it was error for the court to allow, over timely objection, the testimony of officer J. D. Smith since Smith's name did not appear upon the list of witnesses demanded and received by defense counsel. Code Ann. § 27-1403 provides that "Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant *unless the solicitor or prosecuting attorney shall state in his place* that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses." (Emphasis supplied.) Although it affirmatively appears that the witness was "newly discovered," the prosecuting attorney did not so state in his place as required by the Code section, and error would therefore seemingly appear. Compare, for example, *Butler v. State,* 226 Ga. 56, 58 (4) (172 SE2d 399); *Mitchell v. State,* 226 Ga. 450 (3) (175 SE2d 545); *Vinson v. State,* 127 Ga. App. 607, 608 (2) (194 SE2d 583), where the prosecuting attorney made the required statement in his place.

However, the error, if any, is clearly harmless. During the presentation of the state's case, agent Ector testified that defendant introduced himself as "Bird," that "Bird" was defendant's nickname, and that defendant, whom the agent identified at the trial, sold him the drugs. Defendant took the stand and denied, inter alia, that his nickname was "Bird"; and, over objection, the court allowed the newly-discovered witness, Officer Smith, to testify in rebuttal that defendant was known by the nickname "Bird." Officer Smith's testimony was thus merely cumulative to that of agent Ector with regard to whether defendant's nickname was "Bird"; but regardless of whether he was fish or fowl, he was positively identified as the one selling drugs to Ector, and we fail to perceive how he was harmed by Officer Smith's testimony even though his nickname might not have been "Bird."

"Defendants contend the sheriff's testimony should have been excluded upon objection since the sheriff was not sequestered but had remained in the courtroom during the trial and also because his name was not included on the state's list of witnesses furnished to defense counsel. . . . As to the other ground of this objection, namely failure to have the sheriff's name reported on the list of state's witnesses supplied upon demand to the accused (Code Ann. § 27-1403) we find this comes within the 'harmless error' rule. '[E]rror without injury never requires the reversal of a judgment.' *Corbin v. State,* 212 Ga. 231, 234 (9) (91 SE2d 764). 'Injury as well as error must be shown before a new trial will be granted.' *Goodwyne v. State,* 38 Ga. App. 183 (8) (143 SE 443). Although the sheriff's testimony was a vital link in establishment of the chain of custody, the fact is that if his name had been furnished to accused, the information would have been of no benefit with reference to the defense. Inquiry of the sheriff would not have developed any leads towards material that could have been used by defendants at the trial. The burden is upon him who asserts error to show it affirmatively by the record. *Roach v. State,* 221 Ga. 783, 786 (147 SE2d 299). For a case holding harmless error under Code Ann. § 27-1403 see *Spell v. State,* 225 Ga. 705 (171 SE2d 285). See *Hunnicutt v. State,* 130 Ga. App. 630." *Caito v. State,* 130 Ga. App.

831, 836 (7) (204 SE2d 765). And see *Elrod v. State,* 128 Ga. App. 250, 251 (2) (196 SE2d 360), where it was held that § 27-1403 must be given a reasonable interpretation, and that although the evidence complained of was "not exactly 'newly discovered,'" it was "sufficiently within the spirit of the statute not to require a reversal of the case."

Enumeration of error 3 is without merit.

3. Enumeration of error 5 complains that "It was error for the court to refuse to order the State to disclose the name of an undercover agent and informer, which person was an active participant in the alleged drug transactions and is a material witness to the same." However, the record does not support the enumeration, as it affirmatively appears that the person in question was not an undercover agent but a confidential informant who took no active part in the transactions and whose testimony was not necessary to obtain a conviction. No reversible error appears. Code § 38-1102; *Pass v. State,* 227 Ga. 730, 731 (4) (182 SE2d 779) and cases cited; *Butler v. State,* 127 Ga. App. 539, 540 (2) (194 SE2d 261); *Welch v. State,* 130 Ga. App. 18, 19 (3) (202 SE2d 223); *Estevez v. State,* 130 Ga. App. 215, 216 (2) (202 SE2d 686).

4. The contention that the court committed reversible error by commenting upon the evidence in the presence of the jury is without merit. The trial court did not comment upon the evidence but attempted to limit repetitious questions on the part of the prosecuting attorney, which he had the discretion to do. *Lauchheimer & Sons v. Jacobs,* 126 Ga. 261 (3) (55 SE 55); *Price v. State,* 125 Ga. App. 712 (1) (188 SE2d 889). In any event no objection was ever made, and it is axiomatic that the question may not be raised for the first time on appeal. Enumeration of error 4 is without merit.

5. The evidence amply supports the verdict, and the judgment is affirmed.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Quillian, Clark and Marshall, JJ., concur. Deen, P. J., Evans and Stolz, JJ., dissent.*

ARGUED NOVEMBER 6, 1974 — DECIDED FEBRUARY 21, 1975.

*John R. Calhoun,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, William H. McAbee, II, Assistant District Attorney,* for appellee.

EVANS, Judge, dissenting.

I dissent from the holding of the majority in Division 2 of the opinion. Billy Kitchens was convicted of the sale of illegal drugs. He enumerates error because, over his timely objection, the trial court permitted state's agent, J. D. Smith, to testify against him. Smith's name had not been furnished to defendant in advance, in accordance with the provisions of Code Ann. § 27-1403. Defendant had made proper and timely demand for a list of witnesses who were to testify for the state.

The statute (Code Ann. § 27-1403) makes one exception, where the list is not furnished, and allows the witness to testify if " . . . the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is *newly-discovered* evidence which the State was *not aware* of at the time of its furnishing the defendant with a list of the witnesses." (Emphasis supplied.) The majority opinion correctly sets forth the failure of the solicitor or prosecuting attorney to *state in his place* as required by the statute.

The evidence of this witness was quite hurtful to defendant. The state's key witness, Moses Ector, had testified that he was introduced to a black male who introduced himself as *"Bird,"* same being a nickname, who sold the illegal drugs to Ector. (Tr. pp. 5-6). Defendant Billy Kitchens testified under oath at his trial and denied that he had ever seen witness Ector until the date of the preliminary hearing; denied that he sold drugs to Ector or to anyone else; denied that his nickname was "Bird"; and denied that he was known by the name of "Bird." (Tr. pp. 132-137). State's counsel then quite naturally felt the need of a witness to identify defendant Billy Kitchens as "Bird" and promptly called Detective J. D. Smith, an employee of the office of district attorney. Objection was promptly made by defendant's counsel that his name had not been supplied in advance in compliance

with defendant's demand for a list of state's witnesses.

At this point the witness could have been rendered absolutely competent if state's counsel had stated in his place that the evidence to be adduced from this witness was *newly discovered* and the state was *unaware* of it at time of furnishing the list of witnesses to defendant. But the prosecuting attorney elected to remain silent, and made no such statement. The reason is obvious. This was not newly-discovered evidence to the prosecuting attorney, nor was it evidence of which said attorney was unaware. *The witness was an employee of the office of district attorney,* in other words, he was a part of the state's team.

Of course, state's counsel had investigated the case and knew that its key witness Ector did not know defendant Billy Kitchens prior to the time when Ector contended defendant was introduced to him as having the nickname "Bird." And state's counsel also knew that his employee, J. D. Smith, could be used as a witness to supply this deficiency, and testify that he knew the defendant as "Bird," and that he was so known by many other persons. (Tr. p. 146).

No doubt that is why prosecuting attorney would not state in his place that this was *newly discovered* evidence of which the state was *unaware* when it furnished the list of witnesses to defendant. But whatever the reason, no such statement in his place was made and the trial court should have sustained defendant's objections to this witness' testifying. The only way the witness could have been rendered competent to testify was for the prosecuting attorney to have "stated in his place" that the evidence was *newly discovered* and the state was *unaware* of it when it furnished the list of witnesses to defendant. *Butler v. State,* 226 Ga. 56, 58 (4) (172 SE2d 399); *Mitchell v. State,* 226 Ga. 450 (3) (175 SE2d 545); *Vinson v. State,* 127 Ga. App. 607, 608 (2) (194 SE2d 583).

The majority opinion urges that the witness was in fact "newly discovered," even though no statement to that effect was made. How could this witness be *"newly discovered"* when he was a detective employed by the office of district attorney? And what about the additional requirement that it be stated that the state was *unaware*

of this evidence at time of furnishing the list of witnesses to defendant? State's counsel did not state that he was unaware, and we must presume he was aware of it, because of his failure to state he was unaware, and especially as Smith was an employee of the district attorney.

The majority cites *Elrod v. State,* 128 Ga. App. 250 (2) (196 SE2d 360), to show that Code Ann. § 27-1403 must be subject to a reasonable interpretation, but that case then proceeds to recite the statements made by the prosecuting attorney, which in effect showed the testimony was newly discovered, and that he was unaware of same prior to the date of trial. Here, the prosecuting attorney made no statement whatever as to being unaware or as to the evidence being newly-discovered.

The majority urges that even if error was present, it was harmless error. With that contention I am in great disagreement. The defendant testified that he had never seen the agent Ector until the preliminary trial, and denied that he was ever called "Bird." Agent Ector swore he was introduced to this defendant as "Bird," and Detective Smith was allowed to testify (though his name had not been furnished to defendant in advance) that the defendant's nickname was "Bird" and he was so known by a large segment of people. This was quite damaging evidence, and could in no sense be accounted as "harmless error."

On pages 83 and 84 the majority cites several cases which hold that harmless error will not afford grounds for a reversal, and that the burden is on him who asserts error to affirmatively show it. With these propositions we are in complete agreement. But here the defendant affirmatively showed hurtful error, and for that reason his motion for new trial as to this ground should have been granted.

I therefore respectfully dissent from Division 2 of the majority opinion, and would reverse the trial court in its failure to grant a new trial to defendant.

I am authorized to state that Presiding Judge Deen and Judge Stolz join in this dissent.