## 29974. JESSEN v. THE STATE.

JORDAN, Justice.

Rusty Jessen appeals from a conviction and sentence of seven years for rape. He was indicted at the October Term, 1974, of Clarke Superior Court and tried before a jury on January 21, 22 and 23, 1975, which trial resulted in a mistrial. He was again brought to trial on February 27, 28, 1975, resulting in a verdict of guilty. Prior to the second trial the court overruled a plea of former jeopardy.

1. The appellant contends that the court erred in denying his plea of former jeopardy in that the trial court abused its discretion in declaring a mistrial without the appellant's consent.

The transcript of the record shows that the jury deliberated on the first trial for approximately one and a half days and on several occasions reported to the court that they were hopelessly deadlocked and unable to reach a decision. The court then declared a mistrial.

We have carefully examined the record in this case and conclude that the actions of the trial court clearly meet the test laid down by the United States Supreme Court in United States v. Perez, 22 U. S. (9 Wheat.) 579; Illinois v. Somerville, 410 U. S. 458 (1973); and the more recent Georgia cases on this subject. See *Jones v. State,* 232 Ga. 324 (206 SE2d 481); *Cameron v. Caldwell,* 232 Ga. 611 (208 SE2d 441); and *Wood v. State,* 234 Ga. 759, (one Justice dissenting). The trial court did not abuse its

discretion and this enumeration of error is without merit.

2. During the cross examination of the victim by appellant's counsel the victim testified that she had screamed and yelled at the appellant at the time of the incident. The following colloquy then took place: "Q. You heard the testimony of the two witnesses yesterday who observed this who said that they . . . never heard anything other than moaning and low voices. A. Well, the defendant also testified that I yelled at him. The Court: I didn't understand your answer. A. I said the defendant testified that I yelled at him."

The appellant contends that the jury was thus made aware that the appellant had testified previously concerning this case and was therefore placed in a position where he was forced to take the stand and testify in this proceeding. We do not agree with this contention.

In response to the appellant's motion for mistrial the court clearly instructed the jury that this statement was not responsive to the question, was volunteered by the witness, and instructed the jury that such statement was not admissible in evidence, was not to be considered by them, and that it should be removed from their minds as though it had not occurred and was to be disregarded altogether in the deliberations. We think these instructions removed any possibility of harm to the appellant's case as it is mere conjecture on the part of the appellant that such testimony "compelled" him to testify against his wishes in this case. The appellant admitted intercourse with the victim and his sole defense was based upon his contention that it was with her consent and without force. The state's evidence on this issue, including statements by the victim and two eyewitnesses, could have only been successfully rebutted by the defendant's own testimony. This enumeration of error is without merit.

3. Two female witnesses on behalf of the state were allowed to testify over objection that several hours prior to the incident in question the appellant in another locality grabbed them and forced a kiss upon them. The appellant contends that this testimony was utterly immaterial and injected "prejudicial matters tending to establish a 'rapist' state of mind on the part of the appellant." The

trial judge clearly limited the testimony of these witnesses to "sexual overtones" by the appellant towards them. In our opinion this limited evidence was admissible under the line of cases allowing evidence of the commission of similar acts for the purpose of showing intent, motive, plan, scheme, and bent of mind of the appellant. See *Overton v. State,* 230 Ga. 830 (199 SE2d 205); *Hicks v. State,* 232 Ga. 393 (207 SE2d 30); *Payne v. State,* 233 Ga. 294 (210 SE2d 775); *Hunt v. State,* 233 Ga. 329 (211 SE2d 288), and many others.

4. When the jury returned its verdict of guilty, the district attorney stated that the state would waive seeking the death penalty or life imprisonment for the appellant. Whereupon the court discharged the jury and proceeded to fix sentence of seven years imprisonment upon the defendant. Appellant's counsel objected to the discharge of the jury and contends that the case should have been submitted to the jury under the bifurcated procedure outlined in Code Ann. § 27-2503.

Code Ann. § 27-2503 (a) provides in pertinent part as follows: "Except in cases in which the death penalty may be imposed, upon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed . . . The judge shall fix a sentence within the limits prescribed by law."

Code Ann. § 27-2503 (b) provides in pertinent part as follows: "In all cases in which the death penalty may be imposed and which are tried by a jury, upon a return of a verdict of guilty by the jury, the court shall resume the trial and conduct a presentence hearing before the jury. . . Upon the conclusion of the evidence and arguments, the judge shall give the jury appropriate instructions, and the jury shall retire to determine whether any mitigating or aggravating circumstances . . . exist and whether to recommend mercy for the defendant. Upon the findings of the jury, the judge shall fix a sentence within the limits prescribed by law."

The appellant contends that the most logical interpretation of the statute is that it refers to all capital cases, making it mandatory that the jury consider the

sentencing in all cases in which the death penalty "may" be imposed. We do not agree with this interpretation. Under the facts of this case where the state clearly waived the death penalty as well as the life imprisonment of the defendant, the trial judge properly dismissed the jury and fixed sentence upon completion of the presentence hearing as provided in Code Ann. § 27-2503 (a). This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED MAY 23, 1975 — DECIDED JULY 1, 1975 — REHEARING DENIED JULY 15, 1975.

*John Timmins, Jr., Robert D. Peckham, Jack H. Affleck,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Stephen E. Curry, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.

*Judgment affirmed. All the Justices concur.*