## 29841. DAGENHART v. THE STATE.

JORDAN, Justice.

Larry Thomas Dagenhart appeals his conviction for armed robbery and aggravated assault in Clayton Superior Court, and sentences of 20 and 10 years respectively to be served concurrently.

The state's evidence shows that two white males, armed with handguns, entered a convenience food store at Highway 138 in Clayton County, Georgia at approximately 10:00 p.m. on the night of July 9, 1972. The cashier was robbed and during the course of the robbery three customers came in and were ordered to "hit the floor." Upon completion of the robbery one of the men fired one shot into the cashier's chest, critically wounding him.

At the trial the appellant was identified by the cashier as the man who robbed and shot him. Four other eyewitnesses, the three customers in the store plus the wife of one of the customers who was outside in a parked automobile, identified the appellant as one of the perpetrators of the crime. One of these witnesses saw the appellant and his accomplice leaving the store in a car described

as a "goldish-tan" Mustang. Another state witness testified that within minutes after the crime she saw a strange car parked near her house on Highway 138 in Clayton County. She noted it to be a tan Plymouth and secured its tag number. She and another state witness testified that in the vicinity of this car they saw another car burst into flames and the tan Plymouth pull off traveling south on Taylor Road. The police were notified and found the burning car to be a 1965 gold Mustang. The tag number of the tan Plymouth in the vicinity of the burning car was found to be registered to the appellant.

1. The appellant contends that the in-court identification was tainted in that the photographic identification procedure was "impermissibly suggestive." Shortly after the robbery the police showed the witnesses and the victim a set of 16 photographs, which included a photograph of the appellant. Most of the witnesses, including the victim, were unable to give a definite identification from these photographs but indicated that the assailant was shown on the photograph identified as S-2, which was a photograph of the appellant's brother. Some ten days later the same witnesses were shown a set of six photographs, including that of the appellant and two of his brothers. At this time the witnesses identified the photograph of the appellant as being the assailant.

Examining the entire record and looking to the totality of the circumstances we conclude that the positive in-court identification by the state's witnesses was not tainted by the photographic displays. We conclude that there was positive, sufficient, independent evidence upon which each of the state's witnesses premised the in-court identification of the appellant. This conclusion has been reached by applying the applicable standards set forth in Simmons v. United States, 390 U. S. 377; Neil v. Biggers, 409 U. S. 188; and our recent cases of Yancey v. State, 232 Ga. 167 (205 SE2d 282) and Payne v. State, 233 Ga. 294 (210 SE2d 775).

2. Enumeration of error No. 3 contends that the trial court erred in overruling the appellant's motion for mistrial on the ground that the state had presented testimony from a witness dealing with a stolen motor

vehicle and arson of the motor vehicle when "such evidence was irrelevant and immaterial to the issues of guilt or innocence of the defendant on trial." When the state was unable to establish that the car used by the appellant in his get-away was the same as the car which had earlier been stolen from the state's witness Steed and which he later said was recovered in a burned-out condition by the Riverdale Police, the trial court ruled out the entire testimony of this witness regarding his automobile having been stolen.

An examination of the transcript clearly shows that the trial judge took necessary corrective action in instructing the jury to disregard the testimony concerning the stolen automobile and that such action of the trial court was clearly sufficient to eliminate reversible error under the facts of this case.

3. When the appellant concluded the presentation of his case, the state was allowed to call a rebuttal witness, over objection, whose name did not appear on the list of witnesses furnished to the appellant by the district attorney. This witness was called as a rebuttal to the appellant's defense of alibi, and was allowed to testify upon the district attorney's statement that he had no knowledge that such a witness would be needed at the time he furnished a list of witnesses to the appellant. Where the state had no prior knowledge that the testimony of a witness would be needed for rebuttal at the time such list was furnished constitutes an exception under Code Ann. § 27-1403. *Yeomans v. State,* 229 Ga. 488 (2) (192 SE2d 362); *Vinson v. State,* 127 Ga. App. 607 (2) (194 SE2d 583). For later rulings on this subject by this court see *Scott v. State,* 230 Ga. 413 (197 SE2d 338) and *Thomas v. State,* 234 Ga. 635. This enumeration of error is without merit.

4. We have carefully examined enumerations of error Nos. 7 and 8 dealing with evidence of appellant's prior convictions received by the court during the sentencing phase of the trial. We conclude that all such prior convictions were properly received and that the appellant was adequately represented by counsel during all of these convictions.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 21, 1975 — DECIDED SEPTEMBER 2, 1975.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.