## 51782. CUNNINGHAM v. THE STATE.

EVANS, Judge.

Defendant was indicted and tried for kidnapping and child molestation. He was found not guilty of kidnapping, but guilty of child molestation and was sentenced to serve a term of 15 years. Motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The state offered a witness to show motive, plan, and scheme, but this witness was not shown on the list of witnesses furnished by the state to the defense; and, on objection, the court refused to allow this witness to testify. Thereafter on cross examination of the defendant as a witness, he testified that he did not know the witness which the court had excluded. The state then offered this witness in rebuttal; and, over objection, she was allowed to testify and to show that defendant had picked her up, together with her mother, in driving along the street and had molested her. Here the state did indirectly what the court had ruled it could not do, that is, introduce an elicited testimony from her. The court erred in allowing this witness to testify in rebuttal. Her evidence was not newly discovered. The state was well aware of the witness and what her testimony would be. The cases of *Yeomans v. State,* 229 Ga. 488 (2) (192 SE2d 362); *Butler v. State,* 226 Ga. 56, 59 (4) (172 SE2d 399); *Scott v. State,* 230 Ga. 413, 414 (1) (197 SE2d 338); *Thomas v. State,* 234 Ga. 635 (1); and *Dagenhart v. State,* 234 Ga. 809, 811 (3) (218 SE2d 607) are not in point and are not applicable.

2. Further, her testimony was not in rebuttal for the

purpose of proving that the defendant in fact knew her, but this testimony was submitted solely for the purpose of showing a scheme and device of the defendant, and this testimony had been excluded and this witness was not allowed to testify for the state while it was seeking to make out a case against defendant.

3. Further, this witness' testimony did not show when the alleged molestation and/or statutory rape occurred, that is, whether before or after the indictment dated September 2, 1974, and for this reason this testimony is subject to the objection that it placed the defendant's character in issue, had no probative value and was highly prejudicial. The court erred in denying defendant's motion for mistrial because of allowing the above testimony in evidence.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

ARGUED FEBRUARY 3, 1976 — DECIDED FEBRUARY 19, 1976.

*Worozbyt, Spruell & Blackburn, B. L. Spruell, Paul McGee*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Gordon Miller, Donald J. Stein, Assistant District Attorneys*, for appellee.