30669. FLEMING v. THE STATE.

INGRAM, Justice.

Appellant was convicted by a jury in the Superior Court of Baldwin County of the offenses of armed robbery and murder for which he received consecutive sentences of life imprisonment. Under the state's theory, the appellant and his father entered into a conspiracy to rob and murder the victim, Harold (Jack) Cooper, who was a crucial witness against appellant's father in a Chatham County

burglary case. The primary defense relied on by appellant was alibi and misidentification of him by the victim's wife as the person who fired the pistol shot which resulted in the death of the victim. We have reviewed the enumerations of error relating, both to appellant's convictions and the sentences imposed therefor, and find no reversible error.

## Evidence

A brief summary of the evidence presented at trial shows that on the evening of January 26, 1975, the victim, his wife and two children returned to their home in Milledgeville. Upon entering the house and turning on the light in the kitchen, the pantry door suddenly opened and the Coopers were confronted by two armed men. One was tall and armed with a pistol; the other was armed with a shotgun. Both men were wearing stockings over their heads and socks on their hands. The family was tied up and receipts of over $4,000 from the family grocery store were taken. Mrs. Cooper heard a shot and then heard the gunmen leave. Harold Cooper had been shot by the robber with the pistol and Mr. Cooper subsequently died from his injuries.

Harold Cooper, the victim, had formerly owned an auto parts store in Chatham County which had been burglarized. Several persons were charged in that case, including Charles Fleming, appellant's father. The police, while investigating the murder, showed Mrs. Cooper a photographic display of Charles Fleming and several of his known associates. Mrs. Cooper recognized several of the men whom she already knew and suddenly picked out appellant as one of the robbers. She testified that she had not seen appellant prior to the robbery. She subsequently identified appellant in court over defense objections as the robber with the pistol.

## Malice Murder

In his first enumeration of error, appellant asserts the general grounds and argues the evidence shows at most a murder in the commission of a felony and not malice murder. He cites *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975) in support of his contention that his armed robbery sentence must be vacated. The facts in *Burke* are distinguishable from the facts in the present

case. In *Burke,* the defendant was a look-out who had only conspired to commit armed robbery and did not shoot the victim. The evidence in this case places the pistol that killed the victim in appellant's hand. The convictions for malice-murder and for armed robbery are thus both supported by the evidence. See *Dobbs v. State,* 236 Ga. 427 (1976) (a companion case to *Burke,* supra). In addition, once a jury has returned a verdict and the trial court has approved the verdict by denying a motion for new trial, the evidence is viewed on appeal in a light favorable to the verdict. See *Harris v. State,* 234 Ga. 871 (218 SE2d 583) (1975). This enumeration of error is without merit.

## Commitment Hearing

Appellant asserts as error the failure of the state to provide him with a commitment hearing. A majority of this court has held that after indictment and subsequent conviction, lack of a commitment hearing will not be considered reversible error. See *State v. Middlebrooks,* 236 Ga. 52 (1976). The author of this opinion dissented in *Middlebrooks,* but the majority view is the law. Under it, there is no merit in this enumeration of error.

## Identification Testimony

The appellant enumerates as error the trial court's refusal to suppress the in-court identification of appellant by Mrs. Cooper, the victim's wife, who was present at the scene of the crimes. Appellant argues that a photographic display Mrs. Cooper was shown by the police prior to appellant's arrest was so impermissibly suggestive that it precluded her from accurately identifying appellant at trial. Mrs. Cooper was shown photographs of 17 men and two women. Only appellant's picture and his father's picture appear more than once. The law enforcement agents who were present when she made the identification made no suggestion to her that any of the men were suspects. Mrs. Cooper already knew three of the men and she chose their pictures and identified them also. Without any suggestion, she then identified appellant's picture and said he was the tall man involved in robbing and killing her husband. On the stand she testified that while the men were in her house she made a special effort to remember their appearances.

When a witness is shown a photographic display, the

question of whether a subsequent in-court identification has been tainted is to be determined on the facts of each case considered separately. ". . . [C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside . . . only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 971, 19 LE2d 1247) (1968). See Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972) (show-up). See also *Dagenhart v. State,* 234 Ga. 809, 810 (218 SE2d 607) (1975), and *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775) (1974). On the facts of this case, we hold that the photographic display procedure was not "so impermissibly suggestive" that the subsequent in-court identification should be suppressed.

## Motion for Continuance

Enumerations of error 4 and 5 concern the failure of the trial court to grant a motion for continuance on two different bases. First, defense counsel asserts that he had insufficient time to prepare for trial and that he needed transcripts of motion hearings to assist him in his trial preparation. Second, counsel complains that the state delayed too long in giving him a list of witnesses prior to trial.

The hearing on the motion for a continuance shows that the court reporter provided counsel with transcripts of the two motion hearings three days and two days prior to trial. There was no showing at the hearing on the motion for the continuance of any harm to defense preparation. See *Chenault v. State,* 234 Ga. 216, 221 (215 SE2d 223) (1975).

An initial list of witnesses was provided to defense counsel on February 21, 1975, on the copy of the indictment. A supplemental list was provided on March 21, 1975, and corrections to that list were made on March 26, 1975. The trial began on March 31, 1975. Counsel admitted interviewing only a small number of witnesses on both the initial and supplemental list and failed to establish any prejudice. The decision to grant or deny a motion for a continuance is within the sound discretion of

the trial court and will not be cause for reversal absent an abuse of that discretion. See *Chenault,* supra; also, *Favors v. State,* 234 Ga. 80, 84 (214 SE2d 645) (1975); and, *Dutton v. State,* 228 Ga. 850 (188 SE2d 794) (1972), and cits.

### Discovery

Enumeration of error no. 6 concerns the failure of the trial court to require extensive discovery of the prosecution's case. In support of this enumeration appellant argues that because he was denied a commitment hearing he is entitled to full discovery beyond that required by Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1962). He also urges that the state failed to disclose agreements with three prosecution witnesses to recommend leniency concerning charges pending against them. The trial court pursuant to a defense motion held an in camera inspection of the prosecution's file and ordered disclosure of part of that file, with which the state complied. See *Hicks v. State,* 232 Ga. 393, 395 (207 SE2d 30) (1974). The requirements of Brady appear to have been complied with in this case. See *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975), and *Houser v. State,* 234 Ga. 209, 213 (214 SE2d 893) (1975).

Several witnesses for the state had been indicted for the earlier Chatham County burglary involving the victim in this case. The district attorney stated at a pre-trial motion hearing that no agreement had been offered and that he had asked the witnesses if any agreement had been made with them. Subsequent to appellant's conviction, the three received probated sentences for entry of pleas of guilty in Chatham County.

We agree with appellant that the existence of an agreement with a witness is relevant to that witness' credibility and that if an understanding or agreement exists, the prosecution must disclose it. See Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972) and *Allen v. State,* 128 Ga. App. 361 (196 SE2d 660) (1973). However, we cannot find, in the absence of other evidence, that such an agreement existed merely because of the subsequent disposition of criminal charges against these witnesses for the state.

### Motion to Suppress

Enumeration no. 7 asserts that the trial court erred

in denying a motion to suppress evidence. Appellant does not point to anything in the record to support his contention that the affidavits supporting the warrant were insufficient. Neither the affidavit nor warrant appears in the record in this court even though the motion to suppress transcript indicates they were introduced at that hearing. The officer who obtained the warrant testified that an arrest warrant had been secured for appellant and that he was sworn in before the magistrate who issued the search warrant. He stated that he testified before that magistrate to additional evidence the police had which linked appellant to the crime and about what they expected to find from a search. Subsequently, the officers did find at appellant's residence clothing similar to the clothing which Mrs. Cooper stated one of the men was wearing at the time of the crimes. This court has held that in deciding whether to issue a search warrant the judge may consider both the affidavit and the testimony of the officer before him to determine if probable cause exists. See *Ward v. State,* 234 Ga. 882, 883 (218 SE2d 591) (1975), and cases cited. Appellant has failed to demonstrate any error in the procedures used in this case.

Mistrial

Enumeration of error no. 8 complains of the testimony of a state's witness who stated that appellant's identification photo came from the G. B. I. office. Appellant contends that this testimony impermissibly placed his character in issue. However, this court held in *Creamer v. State,* 229 Ga. 704, 708 (194 SE2d 73) (1972) that admission into evidence of a "mug shot" does not inject defendant's character into issue. See also, *Woodard v. State,* 234 Ga. 901, 902 (218 SE2d 629) (1975). No error appears here.

Ruling on Testimony of Certain State Witnesses

Enumeration of error no. 9 asserts that the trial court erred in permitting certain state witnesses to testify. These witnesses are the ones whose names did not appear on the original indictment but whose names appeared on the supplemental list of witnesses discussed in enumerations of error 4 and 5. Code Ann. § 27-1403 provides that: "Every person charged with an offense against the laws shall be furnished, on demand,

previously to his arraignment, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded. Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list . . . unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses." See also *Butler v. State,* 226 Ga. 56, 58 (172 SE2d 399) (1970). The district attorney in the present case stated at one of the pre-trial motion hearings that the state had added the supplemental list of witnesses as soon as their investigation indicated that these witnesses had information which the state could use in the case. The third supplement was primarily for correction of typographical errors.

In *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30) (1974), we decided that even if the witnesses' names were not "newly discovered" that the overriding purpose of the Code section was to assure the defendant that he would not be confronted at trial with the testimony of witnesses he had not had time to interview prior to trial. The supplemental list must be provided within a reasonable period of time before trial. As we decided in Enumerations 4 and 5 of this case, even if the district attorney had not explained the supplements to the original list, the time remaining before trial in this case was reasonable. We find no merit in this enumeration of error.

Conspiracy Evidence and Charge

Appellant insists in enumeration no. 10 that it was error for the trial court to receive the testimony of several state witnesses as to statements made to them by appellant's father, Charles Fleming, prior to the time the present crimes were committed. Appellant objected on the ground that this testimony violated his right to confront Charles Fleming as a witness against him and also on the ground that this testimony was hearsay.

We disagree with appellant's contention because there was other evidence, sufficient to make a jury issue, of a conspiracy between appellant and his father, Charles Fleming, to rob and kill the victim, Harold Cooper.

Appellant's father was also indicted for the murder of Harold Cooper, as a co-conspirator, and was awaiting trial at the time of appellant's trial. The testimony of the state's witnesses which was objected to by appellant was relevant to show appellant's motives in this case and was admissible as an exception to the hearsay rule under Code Ann. § 38-306. See, also, *Wortham v. State,* 184 Ga. 674 (192 SE 720) (1937). Additionally, we find no denial of appellant's right to confront his father as an adverse witness under the circumstances of this case. See Park v. Huff, 506 F2d 849 (5th Cir. 1975), revg. 493 F2d 923 (1974).[1]

The trial court's charge on conspiracy, also enumerated as error, was authorized by the evidence in this case. See *Battle v. State,* 231 Ga. 501 (202 SE2d 449) (1973). The jury was instructed that they first have to consider whether a conspiracy existed before they could consider the acts and declarations of another conspirator against the alleged co-conspirator on trial. See *Lanham v. State,* 233 Ga. 249 (210 SE2d 770) (1974).

### Alibi Charge

Enumeration of error 12 challenges the trial court's charge on alibi. The charge was similar to the one approved by this court in *Patterson v. State,* 233 Ga. 724, 730 (213 SE2d 612) (1975), and we find it free of the error asserted by appellant.

### Colloquy on Alibi Witnesses

Enumeration No. 11 cites as error the colloquy between the district attorney and the trial court concerning the defendant's alibi witnesses. No objection was made at trial to these statements and the trial court was not given an opportunity to correct any possible prejudice to appellant. "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221) (1951). See also *Allen v. State,* 233 Ga. 200, 202 (210 SE2d 680) (1974). We find no merit in this enumeration.

---

[1]Nothing stated in the dissenting opinion in *Bennett v. State,* 231 Ga. 458, 463 (202 SE2d 99) (1973) requires a different result under the facts of this case.

Newly Discovered Evidence

Enumeration of error 13 states that the trial court erred in failing to grant a new trial based on newly discovered evidence. Three of the state's witnesses submitted affidavits after the trial which, if true, tend to impeach the credibility of the wife of the victim and refute the testimony of another state witness on a collateral matter.

In *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971), this court discussed the six criteria used in deciding whether a defendant is entitled to a new trial on the basis of newly discovered evidence, to wit: " '(1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it was not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' *Burge v. State,* 133 Ga. 431, 432 (66 SE 243)." In the present case these affidavits fail to satisfy requirements (3), (4) and (6). See also *Wanzer v. State,* 235 Ga. 226 (219 SE2d 96) (1975). Under the circumstances of this case, it was not error to refuse to grant a new trial on the grounds of newly discovered evidence.

Sentence

Appellant's last enumeration of error urges that the trial court erred in imposing two consecutive life sentences upon his conviction by the jury of the crimes of murder and armed robbery. The death sentence was sought by the state on the murder conviction, but the jury returned a punishment of life imprisonment. The trial court did not submit the question of punishment for armed robbery to the jury, but reserved that issue to itself. After the jury returned a life imprisonment sentence for the murder, the trial judge heard additional evidence and imposed a consecutive life sentence for the armed robbery.

The question this issue raises is whether the trial court was authorized to set the punishment for the armed robbery conviction or whether the issue of punishment on both the murder conviction and armed robbery conviction

had to be submitted to the jury.

Code Ann. § 27-2503 (a) provides: "Except in cases in which the death penalty may be imposed, upon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury . . . [and] impose the sentence . . ." This court held in *Jessen v. State,* 234 Ga. 791, 793 (218 SE2d 52) (1975) that the statute allows the trial judge to fix the sentence in a case in which the death penalty cannot be given. In *Jessen,* the state did not seek the death penalty and the trial judge properly fixed the sentence. See also *Lanthrip v. State,* 235 Ga. 10, 14 (218 SE2d 771) (1975), and *Sheffield v. State,* 235 Ga. 507 (220 SE2d 265) (1975). Similarly, in this case, the state did not seek the death penalty for the armed robbery conviction. Therefore, it was the duty of the trial judge to impose a sentence for the offense of armed robbery. This enumeration is without merit.

## Conclusion

The enumerations of error in this appeal having been examined by the court and no cause for reversal having been found, the convictions and sentences of the appellant in the Superior Court of Baldwin County must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 29, 1975— DECIDED MARCH 8, 1976 — REHEARING DENIED MARCH 23, 1976.

*John Wright Jones, Andrew N. Sapp,* for appellant.
*Joseph Briley, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley, Assistant Attorney General,* for appellee.