51960. DENNIS v. ADCOCK et al.

ARGUED APRIL 12, 1976 — DECIDED APRIL 22, 1976.

*Kunes & Kunes, G. Gerald Kunes,* for appellant.
*Lokey & Bowden, Hamilton Lokey, Glenn Frick, Edmund Landau, Jr., Watson, Spence, Lowe & Chambless, G. Stuart Watson,* for appellees.

DEEN, Presiding Judge.
■ Code § 38-713 provides: "(a) Medical records, or reproductions thereof, when duly certified by the custodians thereof, need not be identified at the trial and may be used in any manner in which records identified at the trial by the custodian could be used." The preamble to the Act of origin (Ga. L. 1971, p. 441) states that it provides "for the authentication and admissibility of medical records or copies thereof for use as evidence" and to "excuse certain persons from personally appearing in

certain circumstances," among other things. It deals with preliminary proof only. In no part does it enlarge upon the effect or the admissibility of evidence in other than a formal sense; that is, it provides a means of identification *absent a custodian,* but otherwise is to be used in the same manner as though the custodian were present.

■ The rules relevant to the introduction of medical records, in a substantive sense, remain unchanged. "If a hospital record contains diagnostic opinions and conclusions, it cannot, upon proper objection, be admitted into evidence unless and until the proper foundation is laid, i.e., the person who entered such diagnostic opinions and conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based." *Cassano v. Pilgreen's, Inc.,* 117 Ga. App. 260 (2) (160 SE2d 439), and see *Atlanta Transit System v. Biggs,* 133 Ga. App. 960 (1) (213 SE2d 87). Exactly the same rule applies to any inadmissible testimony contained in the hospital record, including hearsay, and "hospital records admitted in toto rather than through selected relevant portions were inadmissible because of the presence therein of hearsay, statements of opinion, and similarly objectionable items." *Bowen v. Sentry Ins. Co.,* 134 Ga. App. 88 (2) (213 SE2d 185). A statement in a hospital record that a patient stated to his nurse that he had been drinking on the day of the accident is patent, unalloyed hearsay, and there is no way in which it can be legally admitted over proper objection to prove the fact at issue: intoxication. Even when admitted without demur it has no probative value and on request the jury should be so instructed.

■ As counsel for the appellant admits, whatever part of the hospital record in question was properly admissible as to content could have been obtained and introduced in evidence by other means than certification; for example, by subpoena or a notice to produce. It is not the manner in which the defendants in the damage suit obtained the record and had it prepared for admission in evidence, but at least so far as this record shows the failure of the plaintiff to object to inadmissible material, which placed the statement of the plaintiff's intoxication before the trial jury. The same choices were open, the

same results would obtain, regardless of the method used.

As stated in *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (50 SE 68), the right to privacy which is basically the right to be let alone may be waived by the individual concerned. It appears to us that these defendants did no more than furnish a certified copy of medical records in the same form in which they would have been if identified by the testimony of the custodian.

We cannot tell from the record before us whether there was on the trial of the previous case an objection to the hearsay statements (which was in order whether the documents were offered by certification, or identification by a witness), or whether there was a request to charge on the subject. But the method of introduction of the document would not change the law regarding the admissibility of its contents as between these or other legal means.

■ But, the plaintiff argues, the hospital record was a confidential document. Such records, being obtainable in legal proceedings by subpoena and other means, are obviously not absolutely confidential in the sense that they cannot be used.

Insofar as privilege is concerned, there is no privileged communications immunity in Georgia between hospital and patient. It should also be observed that in libel and slander cases there is an absolute privilege as to pertinent evidence introduced in a judicial proceeding and relating to its subject matter. *Veazy v. Blair,* 86 Ga. App. 721 (2) (72 SE2d 481); *Horton v. Tingle,* 113 Ga. App. 512 (2) (149 SE2d 185). While the question has not before been raised in Georgia, the general rule is that evidence introduced in a legal proceeding which, as against a slander or libel action, would be absolutely privileged cannot be the subject of damages for the tort of invasion of privacy. In Munsell v. Ideal Food Stores, 494 P2d 1063, 1075, in ruling on a count charging invasion of privacy it was held: "It is clear from the decisions that only unwarranted invasions of the right of privacy are actionable. The corollary to this rule is that a 'warranted' invasion of the right of privacy is not actionable. Appellant urges that we recognize and apply here the rule that the right of privacy does not prohibit the

communication of any matter though of a private nature, when the publication is made under circumstances which would render it a privileged communication according to the law of libel and slander. This rule is recognized in 41 AmJur. Privacy, § 20, p. 940; Brents v. Morgan, 221 Ky. 765, 299 S. W. 967, 55 A. L. R. 964; and in the first comprehensive article on the subject of the 'Right to Privacy' in 4 Harvard Law Review 193, at page 216, published by Samuel D. Warren and Louis D. Brandeis in 1890. We hold that the rule is sound and should be applied in the case at bar."

Whether or not the plaintiff told a nurse that he had been drinking all day, and whether or not the statement was true, its introduction by way of evidence material to a tort action could not be the foundation of a libel action. It follows that the plaintiff cannot recover damages for such use under the guise of an invasion of privacy rather than a libel.

It is true that the public's right to inspect county and municipal records set out in Code Chapter 40-27 is held not applicable to "medical records and similar files, the disclosure of which would be an invasion of personal privacy." Code § 40-2703. It is true that unauthorized publicity regarding the contents of such records, the patient's state of health, his anatomical debilities, and the opinions, diagnoses and tests of his doctors would indeed come within the inhibition of this Code section, but even so use in a relevant court proceeding is far different from dissemination by television or newsprint. Cf. Peacock v. Retail Credit Co., 302 FSupp. 418, in which the distinction between public and private disclosure was carefully drawn by Judge Edenfield.

The petition failed to state a claim for invasion of privacy against any of the defendants, and the trial court properly sustained the motions to dismiss.

*Judgment affirmed. Quillian and Webb, JJ., concur.*