## 53467. SMITH v. THE STATE.

SHULMAN, Judge.

In January, 1975, appellant was tried for murder and found guilty of manslaughter. This appeal is from a denial of a motion for new trial.

1. Appellant urges that the court erred in charging the jury that appellant had the burden of proving insanity by a preponderance of the evidence. This ground is unavailing. Although charges placing the burden of proof on the criminal defendant by either a preponderance of the evidence or beyond a reasonable doubt are now considered erroneous (*Thornton v. State,* 139 Ga. App. 483 (228 SE2d 919)), it was not error to give this charge at the time of the trial in this case. *Davis v. State,* 237 Ga. 279, 280 (227 SE2d 249); *State v. Moore,* 237 Ga. 269 (227 SE2d 241).

2. Appellant contends that the admission of a medical report constituted reversible error. The medical report was written on behalf of the hospital staff by a doctor in his capacity as hospital director and stated that "the staff is of the opinion that Ms. Smith was not psychotic at the time of the alleged crime." The doctor preparing the report had examined appellant and testified at the trial.

Here a proper foundation was laid for the admission of the diagnostic statement in question — the person who entered the diagnostic opinions and conclusions qualified as an expert and related facts upon which the entry was based. *Dennis v. Adcock,* 138 Ga. App. 425 (226 SE2d 292). An expert's opinion may be based in part on hearsay; when it is based thereon it goes to weight and credibility of the testimony — not to its admissibility. *Herrin v. State,* 138 Ga. App. 729 (7) (227 SE2d 498).

This argument must fail.

3. In Enumeration 3 appellant asserts that it was error to overrule appellant's objection to a question. In Enumeration 4 it is claimed that the court erred in striking the response to the question to which appellant had objected. Since striking the answer achieved the same result as if the original objection had been sustained, the error, if any, was not harmful. These enumerations are without merit.

4. Appellant alleges that the court erred in refusing to permit a state's witness, a nurse who had assisted in the examination of decedent's body, to answer appellant's question regarding an event which had occurred three years prior to the alleged crime. The record shows that the witness could not recall the events.

A nonexpert witness is qualified to state an opinion as to mental condition provided the opinion is accompanied by the facts upon which they are founded. *Choice v. State,* 31 Ga. 424 (7). Here sufficient facts were lacking. We cannot say it was error to exclude the testimony.

5. Appellant asserts error in the admission of appellant's confession following a Jackson v. Denno hearing because of the possibility that appellant was intoxicated when interrogated. While there was evidence that appellant had been drinking before her arrest, she was not interrogated until some 10 hours after the arrest.

Here appellant's observed behavior was not inconsistent with the ability to freely and voluntarily waive rights for the purposes of making a confession. *Hayes v. State,* 235 Ga. 46 (218 SE2d 798). This enumeration is without merit.

6. Appellant called as a witness a psychology technician who satisfied state requirements for administering tests, interviewing patients and submitting evaluations to a clinical psychologist for approval. The technician had a B.A. in psychology and had been employed about 11 months when the witness tested appellant. Appellant maintains that the court erred in not permitting this witness to give an opinion as to appellant's mental condition at the time of the alleged

crime. The witness observed and tested appellant at least two months after the alleged crime, but apparently did not observe appellant prior to testing.

The exclusion was proper. A nonexpert may not give an opinion as to the sanity of a person at the time of commission of an alleged crime based solely on observations of the accused months after commission. *Choice v. State,* 31 Ga. 424 (1), 462, supra.

We cannot say that the court erred in not qualifying the witness as an expert in the interpretation of psychological tests. "It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular art, science or profession as to entitle him to be deemed prima facie an expert." *Barrow v. State,* 235 Ga. 635, 639 (221 SE2d 416).

7. The appellant asserts error in the court's refusal to allow an expert witness, a clinical psychologist, to testify as to her opinion of appellant's mental condition based on the tests administered by a state-employed psychology technician. *Tompkins v. West,* 123 Ga. App. 459 (1) (181 SE2d 549).

However, inasmuch as the clinical psychologist was permitted to answer an exhaustive hypothetical question which incorporated the test results and case history, we hold this enumeration to be without merit.

8. In Enumerations 9-14 appellant contends that the refusal of the trial judge to admit six of appellant's exhibits constitutes reversible error. These exhibits were hospital records containing diagnostic opinions and conclusions.

"Where hospital records are properly certified, the effect of such certification is to dispense with preliminary proof of authenticity on the part of the custodian of the records, but not to make admissible any matter contained in the reports which is otherwise subject to objection." *Dennis v. Adcock,* 138 Ga. App. 425 (1, 2), supra; Code Ann. § 38-713.

"The rules relevant to the introduction of medical records, in a substantive sense, remain unchanged. 'If a hospital record contains diagnostic opinions and conclusions, it cannot, upon proper objection, be admitted into evidence unless and until the proper foundation is

laid, i.e., the person who entered such diagnostic opinions and conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based.' *Cassano v. Pilgrims, Inc.,* 117 Ga. App. 260 (2) (160 SE2d 439)." *Dennis v. Adcock,* supra, p. 428. Since this was not done when the documents were tendered, the documents were properly excluded. Thus, this enumeration must fail.

9. Appellant maintains error was committed in permitting the state to call a rebuttal witness whose name did not appear on the list of witnesses furnished to appellant by the district attorney as required by Code Ann. § 27-1403.

The witness was called in rebuttal to the appellant's defense of insanity, and was allowed to testify upon the district attorney's statement that he had no knowledge that such witness would be needed at the time he furnished the list of witnesses to appellant. An exception to the requirements of Code Ann. § 27-1403 exists ". . . (W)here the state had no prior knowledge that the testimony of a witness would be needed for rebuttal at the time such list was furnished. . . *Yeomans v. State,* 229 Ga. 488 (2) (192 SE2d 362); *Vinson v. State,* 127 Ga. App. 607 (2) (194 SE2d 583)." *Dagenhart v. State,* 234 Ga. 809 (3) (218 SE2d 607). The trial court did not err in allowing this rebuttal evidence. *Jordan v. State,* 235 Ga. 732 (5) (222 SE2d 23).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 4, 1977 — DECIDED MARCH 18, 1977 — REHEARING DENIED MARCH 30, 1977 —

*John Edward Smith, III,* for appellant.

*D. E. Turk, District Attorney, Gary C. Christy, Assistant District Attorney,* for appellee.